IN THE COUNTY COURT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

DNA CENTER FOR NEUROLOGY &
REHABILITATION as assignee
of TABITHA WALKER

    Plaintiff,                                                Case No.: 2011-30363 COCI

Vs.

PEACHTREE CASUALTY INSURANCE COMPANY,
    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES REGARDING ALLEGED VIOLATIONS OF CHAPTER 400.990 – 400.995

THIS CAUSE came on to be heard by the Court and the Court having reviewed the papers filed by the parties, heard argument of counsel and being otherwise fully apprised in the premises finds as follows:

1. This PIP action was initiated by the Plaintiff, DNA Center for Neurology & Rehabilitation, as assignee of Tabitha Walker on January 21, 2011. The Complaint contends that the Defendant, Peachtree Casualty Insurance Company ("Peachtree"), failed to comply with its contractual and statutory duty to compensate the Plaintiff for reasonable and necessary medical expenses incurred by Ms. Walker resulting from a covered motor vehicle accident.

2. Peachtree denied the Plaintiff's claim and asserted various affirmative defenses (32-39), which are the subject of the present motion.

3. On April 8, 2011, Plaintiff filed its Motion to Strike the foregoing affirmative defenses challenging the legal viability of the defenses. The Plaintiff's motion requested that the Court strike the affirmative defenses because, according to the Plaintiff, the Defendant cannot challenge the ownership of the Plaintiff medical facility, cannot challenge the medical facility's

1

compliance with Chapter 400.990, et seq., and the Defendant does not have a private right of action or enforcement in The Health Care Clinic Act ("the Act") or the ACHA Rules and regulation regarding compliance with the Act.

4. At the May 18, 2011, hearing on the Motion to Strike affirmative defenses, Plaintiff withdrew the motion as to affirmative defense 32, as said affirmative defense did not specifically allege Plaintiff's non-compliance with Chapter 400.990, et seq., or the Act, as bases for the affirmative defense.

## CONCLUSION

The Court grants Plaintiff's motion to strike affirmative defenses 33, 34, 35, 36, 37, 38 and 39. The Court finds that the Florida Supreme Court's decision in *Murthy v. N. Sinha Corp.*, 644 So. 2d 983 (1994), bars Peachtree's challenge to the ownership of the medical facility or the compliance with the requirements found in the Health Care Clinic Act.

The Health Care Clinic Act is clear in its objective of consumer protection and in the vesting of enforcement powers in the Agency for Health Care Administration for alleged violations of its provisions. *Murthy* precludes Peachtree from asserting alleged violations of the Act as the legislature did not place a private right of enforcement in the insurance carriers. *See Kaplan v. Peterson*, 674 So.2d 201 (Fla. 5th DCA 1996) (" [C]ourts are reluctant to read into a statute a new private cause of action not expressly provided for by the Legislature...."); *see also Goff v. Ehrlich*, 776 So.2d 1011 (Fla. 5th DCA 2001); *St. John Med. Plans, Inc. v. Gutman*, 721 So.2d 717 (Fla. 1998); *Bass v. Morgan, Lewis & Bockius*, 516 So.2d 1011 (Fla. 3d DCA 1987); *Lavis Plumbing Servs. v. Johnson*, 515 So.2d 296 (Fla. 3d DCA 1987).

2

DONE AND ORDERED in Chambers at Daytona Beach, Volusia County, Florida, this 23rd day of May, 2011.

_____
HONORABLE ROBERT A. SANDERS, JR.

COPIES TO:
KIMBERLY SIMOES, ESQ., 120 S. WOODLAND AVE SUITE 213, DELAND, FL 32720;
KEVIN DAVIES, ESQ., 10394 WEST SAMPLE ROAD, SUITE 201, CORAL SPRINGS, FL 33065.