IN THE COUNTY COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY FLORIDA

CASE NO.: **10-CC-3684**
10-CC-4200
**[CONSOLIDATED AS 10-CC-3684]**

TAMPA CHIROPRACTIC CENTER, INC. a/a/o
ANTONY ANTOINE,

    Plaintiff,

v.

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

TAMPA CHIROPRACTIC CENTER, INC. a/a/o
SARAI ANTOINE,

    Plaintiff,

v.

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

CASE NO.:  10-CC-4200
               10-CC-3684
**[CONSOLIDATED AS 10-CC-3684]**

## ORDER SUSTAINING PLAINTIFF'S OBJECTION TO DEFENDANT'S NOTICE OF PRODUCTION FROM NON-PARTIES SERVED ON AUGUST 19, 2010 AND DIRECTED TO ALFA VISION INSURANCE COMPANY AND ORDER DENYING DEFENDANT'S MOTIONS TO COMPEL

**THIS MATTER** came before the Court on January 14, 2011 on Plaintiff's *Objections to Defendant's Notice of Production from Non-Parties* served on August 19, 2010 and directed to Alfa Vision Insurance Company, this **MATTER** additionally coming before the Court on January 25,

1

2011 on Defendant's *Motion to Compel Response to Request for Admissions* served on August 6, 2010; Defendant's *Motion to Compel Better Response to Interrogatories* served on September 20, 2010; Defendant's *Amended Motion to Compel Better Response to Request to Produce* served on September 20, 1010 and Defendant's *Amended Motion to Compel Better Response to Second Request to Produce* served on September 20, 2010 and, being considered by the Court and otherwise being fully advised of the premises; the **COURT FINDS AS FOLLOWS**:

The Plaintiff, Tampa Chiropractic Center, Inc. as assignee of Antony Antoine and Sarai Antonie filed this Personal Injury Protection suit against Allstate Property & Casualty Insurance Company. It is alleged that Antony Antoine and Sarai Antoine were injured in a motor vehicle accident on September 28, 2008, sought treatment at Tampa Chiropractic Center, Inc. and that Tampa Chiropractic Center, Inc. submitted bills to the Defendant for treatment/services that were medically necessary, reasonable and causally related to the motor vehicle accident and that the Defendant has failed to pay benefits in accordance with the policy of insurance and/or Florida law.

As it pertains to the matter before the Court, the Defendant has attempted to obtain copies deposition testimony of Michelet Julssaint and Dr. William Purcell, D.C. in an unrelated case. Defendant has additionally attempted to obtain discovery from the Plaintiff in the form of *Requests for Admissions* served on June 23, 2010, *First Request to Produce* served on June 23, 2010, *Second Request to Produce* served on August 4, 2010, and *Interrogatories* served on August 4, 2010. Said discovery requested detailed financial information regarding the Plaintiff and many non-parties, information regarding depositions and EUOs of non-parties not related to this case.

Discovery in civil cases must be relevant to the subject matter of the case and must be admissible or reasonably calculated to lead to the discovery of admissible evidence. *Allstate Ins. Co. v. Langston*, 655 So.2d 91, 94 (Fla. 1995)[20 Fla. L. Weekly S217a]. It was expressed at the hearing

that the purpose of this discovery is to support the Defendant's affirmative defenses which allege that the Plaintiff is not in compliance with the Florida Statutes regarding clinic ownership and that therefore the Plaintiff's claims are not compensable.

It has been found by another court in this county, in a factually similar case dealing with the same Plaintiff, that Tampa Chiropractic Center, Inc. is owned by William Purcell, D.C. and that Tampa Chiropractic Center, Inc. was issued a certificate of exemption from the registration requirements of F.S. §400.990 by the Agency for Healthcare Administration which exemption was in effect during all relevant times. In addition, it was held that the Defendant insurer did not have a private right of enforcement of the Health Care Clinic Act. That court specifically held that any discovery as to ownership of the Tampa Chiropractic Center, Inc., financial information or challenging the exemption issued by the Agency for Healthcare Administration is overboard and irrelevant. See _Tampa Chiropractic Center, Inc. a/a/o Marie Paurcie v. Allstate Indemnity Company_, case no.: 09-CC-19253.

This Court agrees with the holding of the aforementioned opinion and finds that There is no private right of enforcement by insurance carriers under §400.990. See _Murthy v. N. Sinha Corp._, 644 So.2d 983 (Fla. 1994), _Hinnant v. Am. Nat'l Bank & Trust Co._, 406 So. 2d 1206 (Fla. 4th DCA 1981), _Tampa Chiropractic Center Inc., a/a/o Paurice, Marie v. Allstate Indemnity Company_ Case No. 2009 CC-19253

The Court further finds that any discovery as to ownership of the Tampa Chiropractic Center, Inc., financial information or challenging the exemption issued by the Agency for Healthcare Administration is overboard and irrelevant. _See again Tampa Chiropractic Center, Inc. a/a/o Marie Paurcie v. Allstate Indemnity Company_, case no.: 09-CC-19253.

Defendant's arguments presented at both hearings requires that this Court determine that discovery is relevant for determination that the exemption afforded to Plaintiff by the Agency for Health Care Administration was somehow in error. There is no manner or method by which a jury or even this Court could substitute its judgment for the Agency for Health Care Administration's in issuing an exemption or questioning same. As such, the Defendant is not entitled to challenge the Plaintiff's compliance with the licensure requirements of §400.990-400.995, the certificate of exemption issued by the Agency for Health Care Administration or the ownership of Tampa Chiropractic Center, Inc. Defendant relies on a body of case law supplied to the court including but not limited to *Citizens' Ins. Co. v. Barnes, 124 So. 2d 722 (Fla. 1929)* and *Foundation Health v. Westside EKG Associates et. al, 944 So. 2d 188 (Fla. 2006)*. The Court finds that these are factually distinguishable from the case at bar and that the issues before the Court are specifically and narrowly addressed in the case law previously cited and relied upon by the Court.

Based on these preliminary findings, the Court finds that any discovery in these matters as to ownership of Tampa Chiropractic Center, Inc., financial information of Tampa Chiropractic Center, Inc. or challenging the exemption issued to Tampa Chiropractic Center, Inc. by the Agency for Healthcare Administration is overboard and irrelevant in this action.

As such, Plaintiff's objections to the *Defendant's Notice of Production from Non-Party, Alfa Vision* served on August 19, 2010; the and objections consistent with the findings of this Court in the *First Request to Produce* served on June 23, 2010; the *Second Request to Produce* served on August 4, 2010; and *Interrogatories* served on August 4, 2010 are **SUSTAINED**. Defendant's *Motion to Compel Response to Request for Admissions* served on August 6, 2010, Defendant's *Motion to Compel Better Response to Interrogatories*, Defendant's *Amended Motion to Compel Better Response to Second Request to Produce* and *Defendant's Amended Motion to Compel*

*Responses to First Response to Second Request to Produce* served on September 20, 2010 are **DENIED.**

Done and Ordered on this 23 day of Feb, 2011.

_____
Honorable Heather Higbee
County Court Judge

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a conformed copy of the forgoing Order has been furnished to Chad Barr, Esquire, Eiffert & Associates, P.A., 122 E. Colonial Drive, Suite 210, Orlando, FL 32801, and Mr. Donald J. Masten, Esq., Masten, Lyerly, Peterson, & Denbo, LLC, 189 S. Orange Avenue, Suite 1450, Orlando, FL 32801, on this 25 day of January, 2011.

_____
Judicial Assistant/Attorney

5

13 Fla. L. Weekly Supp. 888a

Insurance -- Personal injury protection -- Indemnification -- Motion to dismiss insurer's action against medical provider as third party defendant under theory of common law indemnity is granted -- Party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another; indemnification can only come from party who was at fault; and Florida courts require special relationship between parties in order for common law indemnification to exist -- Insurer has failed to demonstrate that provider's charges were unlawful due to failure to appoint medical director where, although person appointed as director testified that he was unaware of appointment, insurer did not allege that director failed to perform statutory duties -- Further, insurer failed to prove wrongdoing on part of provider where there was no allegation that services were not reasonable and necessary -- Insurer could not satisfy requirement that its liability be vicarious and solely from wrong of another where insurer's liability arose from insurance policy insurer sold to plaintiff/insured -- Special relationship -- Insurer cannot satisfy requirement of showing special relationship between parties based solely on submission of bills to insurer and receipt of payments pursuant to now-revoked assignment -- Further, decision to dismiss satisfies legislative intent of clinic responsibilities statute where there is no evidence of injury to consumers or that provider was in violation of basic care standards or other applicable provisions of statute

BRENCE STEWARD, Plaintiff, vs. PROGRESSIVE AUTO PRO INSURANCE COMPANY, Defendant/Third-Party Plaintiff, vs. ALL FAMILY CLINICS OF DAYTONA BEACH, INC., d/b/a FLORIDA MEDICAL ASSOCIATES, Third-Party Defendant. County Court, 7th Judicial Circuit, in and for Volusia County. Case No. 2005-12729-CODL, Division 71. June 14, 2006. Shirley A. Green, Judge. Counsel: Thomas Caldwell, for Plaintiff. William K. Pratt, II, for Defendant/Third-Party Plaintiff. Kimberly P. Simones, for Third-Party Defendant.

*ORDER GRANTING ALL FAMILY'S MOTION*

*TO DISMISS WITH PREJUDICE*

THIS CAUSE came before the Court for consideration on the Third Party Defendant's Motion to Dismiss with Prejudice. Third Party Plaintiff, Progressive Insurance (hereinafter referred to asProgressive), contends that they are entitled to maintain an action against Third Party Defendant, All Family Clinics of Daytona Beach (hereinafter referred to as All Family), under the theory of common law indemnity. All Family contends that Progressive does not meet the necessary criteria to sustain an action for common law indemnity. This court agrees with All Family and dismisses Progressive's action with prejudice.

*FACTS AND CONCLUSIONS OF LAW*

For a party to prevail on a claim of *common law indemnity*, the party must satisfy a two-prong test. First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. See, *K-Mart Corp. v. Chairs, Inc.*, 506 So.2d 7, 9-10 (Fla. 5th DCA 1987). Second, indemnification can only come from a party who was at fault. See, *Federal Ins. Co. v. Western Waterproofing Co.*, 500 So. 2d 162, 165 (Fla. 1st DCA 1986).

Additionally, Florida courts have required a special relationship between the parties in order for common law indemnification to exist. See *Houdaille Indus., Inc. v. Edwards*, 374 So. 2d 490, 493 (Fla. 1979).

Progressive contends that they met the first prong of the test because All Family's charges are unlawful, pursuant to Fla. Stat. 627.732, because it fails to comply with the administrative provisions of Fla. Stat. 400.9935(c) -- Clinic Responsibilities. That subsection requires each clinic to appoint a medical or clinic director and said director shall perform certain statutory duties. Progressive argues that All Family has designated Dr. Frank Alvarez and, that in a deposition, Dr. Alvarez testified that he did not know that he was the medical director. However, there are no allegations that Dr. Alvarez was not performing the statutory duties as defined by and required by the statute.

Further, the Defendant/Third Party Plaintiff has not provided any evidence to show that Dr. Alvarez has *not* operated as a medical or clinic director. The name "Medical or Clinic Director" is not what is important in the legislative scheme. All Family is entitled to assign whatever label it desires to Dr. Alvarez as long as Dr. Alvarez performs services that comply with the statutory definition for Medical or Clinic Director, pursuant to Fla. Stat. 400.9935. There is no evidence in the record to show that All Family has not complied with the requirements of Fla. Stat. 400.9935. To the contrary, All Family has filed voluminous documents from the State of Florida, Department of Health Division of Medical Quality Assurance and other agencies that prove that they are in compliance. Without evidence of noncompliance, there can be no determination that the charges are unlawful.

Next, the court considers whether there is wrong doing with reference to the medical services performed. However, there is no allegation or evidence that the services were not reasonable and necessary.

Finally, Progressive could never meet the first prong, because their liability is not based on the wrong of All Family but is instead based on a policy of insurance that they sold to Plaintiff and became liable thereby. Progressive's liability is determined by the terms of said policy.

As to the second prong of the test, there is no special relationship between the parties. No special relationship is created between All Family and Progressive simply because All Family submitted bills to Progressive. Neither isa special relationship created because Progressive might have made payment to All Family due to an assignment of benefits. Especially, when the assignment has been revoked. The submission and payment of reasonable and necessary medical services does not open a health care provider to litigation.

Finally, whatever decision the court makes should be designed to enforce the legislative intent of the Statute. Fla. Stat. §400.990, provides that the legislative intent is to regulate health care clinics for the purpose of strengthening rules to prevent significant cost and harm to consumers. A further purpose was to provide for the licensure, establishment, and enforcement of basic standards for health care clinics and to provide administrative oversight by the Agency for Health Care Administration (hereinafter referred to as the Agency).

There is no evidence that the consumer was injured in any way or that the medical care provided by All Family was not reasonable, necessary or related to the injury sustained by the insured. Neither is there any proof that All Family is in violation of the licensure, basic health care standards or any other provision that is applicable to them.

In the instant case, the legislative intent is satisfied. Progressive has failed to meet the test for common law indemnity. Therefore it is

ORDERED AND ADJUDGED that:

1. This case is dismissed with prejudice.

2. The court reserves jurisdiction to determine the entitlement and amount of attorney fees.

* * *

13 Fla. L. Weekly Supp. 823b

**Insurance -- Personal injury protection -- Coverage -- Medical expenses -- Lawfully rendered treatment -- Affirmative defense of failure to comply with provision of Health Care Act concerning medical director is stricken where during all relevant times medical provider held unencumbered license pursuant to Act, and insurer cannot state cause of action for perceived violation of Act absent independent determination of violation by Agency for Health Care Administration**

FLORIDA MEDICAL ASSOCIATES AS ASSIGNEE OF MARITZA CASILLAS, Plaintiff, vs. PROGRESSIVE AUTO PRO INSURANCE COMPANY, Defendant. County Court, 7th Judicial Court in and for Volusia County. Case No. 2005-30502 COCI. May 17, 2006. H. Pope Hamrick, Jr., Judge. Counsel: Kimberly P. Simoes, Susan W. Tolbert, P.L., Daytona Beach. Lynn S. Alfano, Maitland.

*ORDER ON PLAINTIFF'S MOTION TO DISMISS*

*AFFIRMATIVE DEFENSES REGARDING*

*COMPLIANCE WITH §400.9935*

THIS CAUSE having come before the Court for consideration, and the Court having heard arguments of counsel and being otherwise fully advised, it is hereby

CONSIDERED, ORDERED AND ADJUDGED:

1. Plaintiff, FLORIDA MEDICAL ASSOCIATES, Motion to Strike Affirmative Defense is hereby GRANTED.

2. Defendant, PROGRESSIVE AUTO PRO INSURANCE COMPANY, has raised as an affirmative defense, *inter alia:*

> Plaintiff has failed to meet the civil and administrative requirements of Florida Statute §400.9935 concerning a medical director and the duties of that medical director so that the bills at issue were not lawful at the time they were rendered and are therefore not payable by Progressive herein.

3. Defendant, PROGRESSIVE AUTO PRO INSURANCE COMPANY, as a basis for its affirmative defense, has raised the allegation that FLORIDA MEDICAL ASSOCIATES has not complied with the provisions of the Health Care Clinic Act, specifically §400.9935.

4. It is uncontested that during all relevant times FLORIDA MEDICAL ASSOCIATES has held an unencumbered license pursuant to Chapter 400 of the Health Care Clinic Act.

5. The Defendant, PROGRESSIVE AUTO PRO INSURANCE COMPANY, cannot state a cause of action against FLORIDA MEDICAL ASSOCIATES for any perceived violation of the Health Care Clinic Act absent an independent determination by the Agency for Health Care Administration.

6. Plaintiffs Motion to Strike Affirmative Defense is GRANTED with prejudice.

* * *