UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
    INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
    INSURANCE COMPANY; and
ALLSTATE VEHICLE AND PROPERTY
    INSURANCE COMPANY (F/K/A:
    DEERBROOK INSURANCE COMPANY,
    SUCCESSOR BY MERGER TO
    NORTHBROOK INDEMNITY
    COMPANY),

    Plaintiffs,

Case No. 8:11-cv-00804-EAK-EAJ

v.

SARA C. VIZCAY, M.D.;
BEST CARE MEDICAL CENTER, INC.;
CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATIVE PRACTICE, INC.
    (F/K/A: DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.;
P.V.C. MEDICAL CENTER, INC.; and
REGIONAL ENTERPRISES FOR HEALTH
    CORPORATION,

    Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS ALL CLAIMS, TO ABSTAIN OR TO SEVER CLAIMS AGAINST DEFENDANTS, AND FOR MORE DEFINITE STATEMENT**

    This cause comes before the Court upon consideration of Defendants' Motion to Dismiss All Claims, to Abstain or in the Alternative to Sever Claims Against Defendants, and for a More Definite Statement (Doc. 19); and Plaintiffs' respective responses in opposition to the Motion (Doc. 23).

1

## I. BACKGROUND

Plaintiffs, six different Allstate companies, filed the present lawsuit against the Defendants, Dr. Sara Vizcay and seven medical entities, alleging negligent misrepresentation, common law fraud, and unjust enrichment. (Doc. 1). Plaintiffs also seek declaratory relief as to (1) ownership of the Defendant clinics and alleged violation of Florida Statutes § 400.990; (2) alleged violation of Florida Statutes § 460.4167 regarding chiropractic clinics' utilization of chiropractors; (3) alleged failure to comply with medical director duties and violation of Florida Statutes §§ 400.9935 and 627.736 regarding the medical director clinics; and (4) alleged unlawful fee split arrangement and violation of Florida Statutes §§ 456.054, 458.331, 627.736, and 817.505.

Defendants moved to dismiss all claims, to abstain or in the alternative to sever claims against Defendants, and for a more definite statement. Defendants argue: (1) the Court lacks subject matter jurisdiction because Plaintiffs are asserting a private right of action under Florida's Health Care Clinic Act ("Act"), which does not allow a private right of action; (2) Plaintiffs are barred from challenging the ownership of the clinics as a basis for unlawful medical services; (3) Declaratory relief is improper in this case; (4) the Court should abstain from exercising jurisdiction because of state proceedings; (5) Defendants and claims were improperly joined and should, therefore, be severed; and (6) Plaintiffs must provide a more definite statement regarding which insurance carrier is asserting which claims against Defendants and exactly what has been paid. Plaintiffs have stipulated that Plaintiffs and Defendants have resolved the issue regarding a more definite statement (Doc. 23), leaving all remaining issues in the Motion for the Court to decide.

Plaintiffs issued automobile insurance policies, which provided Personal Injury Protection Benefits pursuant to Florida Statutes, Section 627.736, and, in some cases, medical

2

coverage to Plaintiffs' insured individuals ("Insureds") (Doc. 1). Each of the Insureds in this case was reportedly involved in motor vehicle accidents, and sought treatment at the Defendant clinics. Each clinic submitted bills and claims to the Plaintiffs, which were paid by the Plaintiffs. Plaintiffs now allege that the medical services were unlawfully rendered under Florida Statutes §§ 627.736, 817.505, 460.4167, 400.9935, 460.990, and Florida Statutes, Chapter 408, and, as such, the claims are not properly payable.

## II. STANDARD OF REVIEW

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Additionally, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and move beyond "conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950–51 (2009). In deciding whether to grant or deny a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff, must accept all factual allegations as true, and must limit its consideration to the pleadings and any exhibits attached thereto. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1991); Fed. R. Civ. P. 10(c); *Nationwide Mut. Co. v. Fort Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279, 1286 (M.D. Fla. 2009).

### III. DISCUSSION

A. <u>Subject Matter Jurisdiction</u>

The existence of diversity jurisdiction under 28 U.S.C. §1332, and proper venue under 28 U.S.C. § 1391, are undisputed; however, Defendants allege that Plaintiffs seek private rights of action under the Florida Health Care Clinic Act ("Act"), Florida Statutes Sections 400.990, 400.9905, 408.812, 400.995, which do not provide for a private right of action. Accordingly, Defendants claim that the Court lacks subject matter jurisdiction because no private right of action exists to enforce the provisions of the statutes. This challenge is based upon the factual allegations of the Complaint, and is, therefore, a facial attack under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir. 2003). Thus, the allegations in the Complaint are taken as true for purposes of the instant motions.

Plaintiffs respond by maintaining that their claims are based not upon the Act, but rather are based upon Florida's No-Fault, or PIP Statute, § 627.736, which establishes civil liability between the parties, and provides that an insurance company "shall provide reimbursement only for such services and care that are lawfully provided, supervised, ordered, or prescribed by . . . a chiropractic physician licensed under Chapter 460 or that are provided by . . . [a] health care clinic licensed under §§ 400.990 – 400.995." Fla. Stat. § 627.736(a)(2) (2011). Plaintiffs allege that because of Defendants' underlying violations of Chapters 400, 408, and 460 of the Florida Statutes, the medical services were not lawfully rendered, and, therefore, they have no obligation to pay the Defendants. According to the Complaint and Plaintiffs' Response (Doc. 23), Plaintiffs rely on Chapters 400, 408, and 460 only as a basis for rendering the Defendants' services unlawful, not as creating a separate cause of action. *See also State Farm Fire & Casualty Co. v. Silver Star Health & Rehab, Inc.*, 6:10-cv-01103-GAP-GJK (M.D. Fla. Nov. 29, 2010) (finding

4

that a plaintiff alleging similar facts and bringing a cause of action under Fla. Stat. § 627.736 based on violations of Florida Statutes, Chapters 400, 408, and 460, was not asserting a private right of action under those Chapters and, therefore, the Court had subject matter jurisdiction). Therefore, the Court does not lack subject matter jurisdiction, and the Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

B. Ownership of the Medical Clinics

Defendants contend that Plaintiffs cannot challenge the ownership of Defendant clinics Caleb, Global, Personal Medical, and Regional Enterprises, and that since Plaintiffs' "entire action" is predicated on such a challenge of ownership (Doc. 19, at 12), the Court must dismiss the action. However, ownership of the clinics is relevant to whether the clinics were in compliance with Florida's Health Care Clinic Act ("Act"), and, therefore, whether the claims made by the Defendants were indeed properly payable. Under Florida's No-Fault Statute, Fla. Stat. § 627.736 (2011), services must be lawfully rendered and bills lawfully submitted. For services to be lawfully rendered and bills lawfully submitted, a clinic must be in compliance with the Act, which also means that the clinics must be licensed or must qualify for an exemption under the Act.

As noted by Plaintiffs (Doc. 23 at 7), the No-Fault Statute provides:

> No statement of medical services may include charges for medical services of a person or entity that performed such services without possessing the valid licenses required to perform such services. For purposes of paragraph (4)(b), an insurer shall not be considered to have been furnished with notice of the amount of covered loss or medical bills due unless the statements or bills comply with this paragraph. . . .

5

Fla. Stat. § 627.736(5)(d) (2011). This indicates that the Defendants must possess valid licenses in order to properly and lawfully render services and submit claims for payment. Additionally, Florida Statutes Section 627.736(4)(b) gives the insurer the right to challenge a violation of § 627.736(5), which includes licensing requirements, which would then include determining ownership of the Defendant clinics in this case.

At this stage the Court must accept the facts alleged in the Complaint as true, and finds that Plaintiffs allege sufficient facts that can call into question the ownership of the clinics and potential violations of the Act. Therefore, the Motion to Dismiss based on Plaintiffs' challenges to clinic ownership is DENIED.

C. Declaratory Relief

As this is a diversity action, the Court is required to apply state substantive law and federal procedural law. Courts have held that Florida's Declaratory Judgment Act, Florida Statute § 86.011, is substantive, and, therefore, federal courts must apply it when considering a case under Florida law. *Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279, 1291 (M.D. Fla. 2009) (citing *Marco Island Cable, Inc. v. Comcast Cablevision of the South, Inc.*, 509 F. Supp. 2d 1158, 1160 (M.D. Fla. 2007)). Florida Statute § 86.011 requires:

> a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

*Santa Rosa Cnty. v. Admin. Comm'n Div. of Admin. Hearings*, 661 So. 2d 1190, 1192–93 (Fla. 1995). Further, a complaint seeking declaratory relief "should not be dismissed if the plaintiff

established the existence of a justiciable controversy cognizable under the Declaratory Judgment Act. . . . The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Murphy v. Bay Colony Prop. Owners Ass'n*, 12 So. 3d 924 (Fla. 2d DCA 2009) (internal citation and quotation omitted). Finally, the Florida Supreme Court has held that "an insurer may pursue a declaratory action which requires a determination of the existence or nonexistence of a fact upon which the insurer's obligations under an insurance policy depend." *Higgins v. State Farm Fire & Casualty Co.*, 894 So.2d 5, 12 (Fla.2004).

Allstate has requested the Court for declaratory relief regarding the following questions:

1. Whether the issuance of an AHCA exemption precludes Allstate from complying with its statutory obligations to only pay bills for services that are lawfully rendered.
2. Whether Allstate can properly look to circumstantial evidence to determine if a clinic has complied with Florida Statute §§ 400.990 et seq.
3. Whether the De Facto Clinics need to be licensed with AHCA because they are not wholly owned by a licensed health care physician and do not fall within any exemptions listed in Florida Statute §§ 400.990 et seq.
4. Whether the De Facto Clinics' bills are compensable under Florida's No-Fault law when the De Facto Clinics are not wholly owned by one or more physicians licensed under Chapter 458 or Chapter 459; chiropractic physicians licensed under Chapter 460, or dentists licensed under Chapter 466 or by such practitioner or practitioners and the spouse, parent, child, or sibling of that practitioner or those practitioners.
5. Whether Defendant Vizcay's creative purchase agreements allow the previous entrepreneurs to employ chiropractic physicians when entrepreneurs maintain control over Caleb, Global, Personal, and Regional's operations, such as the patient records, pricing, advertising, office personnel, office hours, and course of treatment.
6. Whether Allstate can properly look to circumstantial evidence to determine if a clinic is wholly owned by a licensed health care provider as required by Florida Statutes § 460.4167.
7. Whether or not the Chiropractic Clinics billing for chiropractic services in violation of Florida Statutes § 460.4167 renders the bills not properly payable under Florida Statutes § 627.736.
8. Whether Vizcay's failure to perform her statutorily mandated duties as Medical Director of the Medical Director Clinics renders the services/treatments provided by the Medical Director Clinics not compensable under Florida Statutes §§ 456.054 and 458.331(1)(i).
9. Whether Vizcay and the Clinics engaged in splitting/kickback activities in violation of Florida Statutes §§ 465.054, 458.331, and 817.505.

In this case, at the pleading stage, with the Court assuming all facts in the Complaint to be true, Plaintiffs' requests for declaratory relief are properly pled and it would be inappropriate to dismiss them at this time. There is a bona fide, actual, present need for declarations as to whether or not Defendants' claims were submitted lawfully, and whether Plaintiffs are entitled to damages for the claims if they are determined to be submitted unlawfully. As Plaintiffs point out in their Response (Doc. 23), the underlying reimbursement claims are not hypothetical; Plaintiffs have actually paid the claims to Defendants which are alleged to be unlawful. (Doc. 1) There is a present controversy surrounding the lawfulness of the claims made to Plaintiffs, and the relationship between the parties is clearly adverse and antagonistic. Plaintiffs seek more than the mere legal advice of the Court; the resolution of the issue as to whether Plaintiffs are liable to Defendants for payment of the claims depends upon this Court's declaration of how the law applies to the ascertainable facts. Therefore this controversy is ripe for determination by this Court, and the Motion to Dismiss claims for declaratory relief is DENIED.

D. Abstention

This case involves the dismissal of a federal action in deference to a pending state court action; as such, it is governed by the principles articulated in *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction,* 460 U.S. 1 (1983). In *Colorado River*, the Supreme Court announced that a federal court may dismiss an action because of parallel state court litigation only under "exceptional" circumstances. 424 U.S. at 818. The Court explained:

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the

obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."

*Colo. River,* 424 U.S. 800, 813 (1976) (quoting *Cnty. of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–89, (1959)). Indeed, "[o]nly the clearest of justifications will warrant dismissal." *Id.* at 819. Thus, federal courts have an obligation to decide controversies within their jurisdiction, and state court actions involving similar or the same subject matter will not bar proceedings in the Federal District Court. *See id.* at 817.

The Court has set out four factors to be considered in determining whether dismissal on the grounds of exceptional circumstances is appropriate: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *Id.* at 818. In *Moses H. Cone,* the Court reaffirmed its view that only exceptional circumstances will warrant dismissal of federal cases in favor of a concurrent state suit. 460 U.S. at 14. The *Moses H. Cone* decision repeated the four *Colorado River* factors and added two more: (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights. *Moses H. Cone,* 460 U.S. at 23, 26. The test for determining when exceptional circumstances exist, therefore, involves the careful balancing of six factors. The weight to be given any one factor may vary greatly depending on the case; however, the balance is "heavily weighted" in favor of the federal court exercising jurisdiction. *Id.* at 16; *American Bankers Ins. Co. v. First State Ins. Co.,* 891 F.2d 882, 884 (11th Cir. 1990).

In considering the case at hand, the Court begins with the presumption of exercising jurisdiction, and balancing the above factors to determine whether exceptional circumstances exist. The first factor is inapplicable, as no court has established jurisdiction over any property.

9

The second factor weighs in favor of federal jurisdiction, since the federal forum is located in the same state as the state forum. The third factor, avoiding piecemeal litigation, also weighs in favor of federal jurisdiction, since three of the eight Defendants are involved in state litigation that is unrelated to this litigation (Docs. 10, 12, 17), and the remaining five Defendants have provided insufficient detail regarding the state court actions to indicate that piecemeal litigation would result (Docs. 11, 13, 14–16). Thus, at least three Defendants in this case do not have similar pending litigation, and while some of the state court cases involve some of the same parties, there is no indication that the cases involve the same subject matter and specific causes of action. For the fourth factor, the order in which the courts assumed jurisdiction, the Defendants have not provided adequate case information. The fifth factor, whether state law or federal law applies, is the only factor that weighs in favor of abstention. Finally, the sixth factor weighs in favor of federal jurisdiction, as the state court is not hearing the exact same litigation and issues from these parties, and is, therefore, not adequate to resolve the rights of the parties involved in this case. Accordingly, the Motion to Abstain is DENIED.

E. Joinder and Motion for Severance

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, parties may be joined as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20's purpose is "to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1323 (11th Cir. 2000). Considerations of judicial efficiency can be

outweighed by potential prejudice to the litigants, and, in such a case, the Court has discretion to order separate trials. Fed. R. Civ. P. 42(b); Alexander, 207 F.3d at 1322 (citing *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)). Still, "[J]oinder of claims, parties, and remedies is strongly encouraged." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974).

In the instant case, the Court finds that the Defendants were properly joined. First, although joint and several liability on the part of Defendants is not asserted, the cause of action stems from the same transaction or series of transactions. Defendant Dr. Vizcay is either the owner or medical director of each of the Defendant medical clinics, and each clinic is alleged to have engaged in a common scheme to submit unlawful claims to Plaintiffs, claims that are not properly payable under Florida's No-Fault law. Second, Plaintiffs point out that there are multiple questions of law and fact that are common to all defendants: (1) whether the Defendants each made negligent misrepresentations to Plaintiff in the presentation of claims; (2) whether the Defendants each engaged in common law fraud by submitting the claims to Plaintiffs; (3) whether each of the Defendants was unjustly enriched as a result of submitting allegedly unlawful claims to Plaintiffs; (4) whether the submission of the claims by the Defendants violated Florida's No-Fault law; and (5) whether the Defendant clinics and Defendant Vizcay engaged in unlawful fee splitting. (Doc. 23). Accordingly, the Court finds that the Defendants were properly joined and DENIES the Defendants' motion to sever claims.

F. More Definite Statement

Plaintiffs stipulate that Counsel for Plaintiffs and Defendants have resolved the issue of a more definite statement, with Plaintiffs agreeing to file a bill of particulars/more definite

statement, which will (1) specify the amounts paid by Plaintiffs to Defendants for the patients' treatment, and (2) state which insurance carrier is asserting which claims against Defendant. Therefore, the Motion for a More Definite Statement is DENIED as moot.

Accordingly, it is **ORDERED**:

Defendants' Motion to Dismiss All Claims, to Abstain or in the Alternative to Sever Claims Against Defendants, for More Definite Statement is **DENIED.**

The agreed-to bill of particulars/more definite statement shall be filed within ten (10) days of this date.

The Defendants have twenty (20) days from this date to answer the Complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of November, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.