# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
  INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
  INSURANCE COMPANY; and
ALLSTATE VEHICLE AND PROPERTY
  INSURANCE COMPANY (F/K/A: DEERBROOK
  INSURANCE COMPANY, SUCCESSOR BY
  MERGER TO NORTHBROOK INDEMNITY
  COMPANY),

      Plaintiffs;

v.                                       Civil Action No.: 8:11-cv-00804-EAK-EAJ

SARA C. VIZCAY, M.D.;
BEST CARE MEDICAL CENTER, INC.;
CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
  (F/K/A: DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.;
P.V.C. MEDICAL CENTER, INC.; and
REGIONAL ENTERPRISES FOR HEALTH
  CORPORATION;

      Defendants.
_____/

## PLAINTIFFS'/COUNTER-DEFENDANTS' MOTION TO DISMISS PERSONAL MEDICAL CENTER, INC.'S COUNTERCLAIM AND MEMORANDUM OF LAW IN SUPPORT

**COMES NOW**, Plaintiffs/Counter-Defendants (hereinafter collectively referred to as "ALLSTATE"), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and

12(f), and files this Motion to Dismiss Personal Medical Center, Inc.'s Counterclaim and Memorandum of Law in Support, and as grounds therefore states as follows:

## I. SUMMARY OF FACTS

The Complaint and Statement of Particulars filed in this action contains thorough facts, but a summary of the facts will be provided for purposes of this Motion to Dismiss. ALLSTATE issued automobile insurance policies that provided PIP coverage to its insureds specified in "Exhibit A" of Plaintiff's Complaint and Statement of Particulars. ALLSTATE made some PIP payments on behalf of its insureds to the Defendant clinic. Additionally, ALLSTATE was billed for some services allegedly rendered to its insureds that have not been paid as a result of the services not being lawfully rendered.

On April 12, 2011, ALLSTATE filed the present litigation against the seven (7) Defendants listed above. During the pertinent timeframes specified in the Complaint, Sara C. Vizcay, M.D. ("VIZCAY") claimed to wholly own four (4) of the Defendant clinics: Caleb Health Care, Inc.; Global Diagnostic Center, Inc.; Personal Medical Center, Inc.; and Regional Enterprises for Health Corporation. These four (4) clinics will be collectively referred to as the "DE FACTO CLINICS". ALLSTATE seeks recovery from the DE FACTO CLINICS and VIZCAY for services rendered to one hundred and ten (110) patients on the common basis of these clinics and VIZCAY misrepresenting the true owners in order to allow these clinics to operate and seek Personal Injury Protection benefits, as specifically described in the Complaint.

ALLSTATE also seeks recovery from three other Defendant clinics, Best Care Medical Center, Inc.; Florida Rehabilitation Practice, Inc. (f/k/a/ Dana Medical Center,

Inc.); and P.V.C. Medical Center, Inc. (hereinafter referred to as the "MEDICAL DIRECTOR CLINICS") and VIZCAY for services provided to one hundred and thirty seven (137) patients on the common basis of the required medical director, VIZCAY, failing to comply with her statutorily required duties as medical director, as specifically described in the Complaint.

ALLSTATE further seeks four (4) separate declarations by the Court. One of the declaration counts seeks a common declaration pertaining to four (4) Defendant clinics and one hundred and ten (110) patients. One declaration seeks a common declaration pertaining to three (3) Defendant clinics and one hundred thirty seven (137) patients. One declaration seeks a common declaration pertaining to six (6) Defendant clinics and two hundred (200) patients. One declaration seeks a common declaration pertaining to all eight (8) Defendants and all two hundred forty seven (247) patients. If any of the counts alleged in the Complaint are disposed of in ALLSTATE's favor, then some or all of the bills for the two hundred and forty seven (247) claims would be deemed not compensable and the ruling would be dispositive for those claims.

ALLSTATE's Complaint does not seek to raise individual defenses specific to the claims submitted for the two hundred forty seven (247) individual patients specified in "Exhibit A" of ALLSTATE's Complaint and Statement of Particulars. As a result of the Complaint only bringing forth common issues, it does not individually address and detail every one of the two hundred forty seven (247) claim-specific defenses and affirmative defenses available to ALLSTATE. If ALLSTATE does not prevail on the counts raised

in the Complaint, it does not automatically follow that the bills are properly payable under Florida Statute §627.736 and ALLSTATE must pay same.

On January 26, 2012, Defendant, PERSONAL MEDICAL CENTER, INC. (hereinafter referred to as "PERSONAL") filed its Amended Answer and Affirmative Defenses to Complaint and Counterclaim. The Counterclaim is framed as a declaratory action brought pursuant to 28 U.S.C. § 2201; however, the remedy sought is payment of Personal Injury Protection and Medical Payment benefits to PERSONAL for medical services that were allegedly provided to the claimants listed in Exhibit "A" of PERSONAL's Counterclaim. As such, the proposed Counterclaim in actuality seeks to improperly collectively assert what are truly individual breach of contract actions. However, PERSONAL attempts to create a declaratory action by asking this Court to determine that the claims it submitted on behalf of the claimants listed in Exhibit "A" of its Counterclaim are payable *so long as ALLSTATE is unsuccessful in its underlying action*. Accordingly, not only does the Counterclaim seek the same determination that ALLSTATE is seeking, namely whether the services billed to ALLSTATE were lawfully rendered and are compensable under Fla. Stat. §627.736, but the Counterclaim is contingent upon a future event that may never occur.

Further, by requesting that this Court enter a general final judgment finding that the claims submitted by PERSONAL are payable if ALLSTATE is unsuccessful in the underlying action, PERSONAL is attempting to bypass its burden of proving that: (1) the complained of injuries and corresponding medical services/treatments provided to each of the insureds/claimants is reasonable, related, and necessary to the subject motor vehicle

accidents, (2) that the bills submitted are properly payable under No-Fault law, (3) that each claimant or his/her assignee has complied with the applicable terms and conditions of the insurance policies and Florida's No-Fault law, and (4) all statutory and contractual conditions precedent have been met. In essence, what PERSONAL is attempting to do is find a "short cut" to the finish line.

## II. ARGUMENT

### A. Introduction

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint/counterclaim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12. "In deciding a motion to dismiss, the court may only examine the four corners of the complaint [or counterclaim]." *Andrzej Madura v. Lakebridge Condo. Ass'n*, 2008 U.S. Dist. LEXIS 120922 (M.D. Fla. June 4, 2008), *see also Spann v. Cobb County Pretrial Court Servs. Agency*, 206 Fed. Appx. 910, 911 (11th Cir. 2006) (In determining whether a complaint/counterclaim states a cause of action, the court's determination should be based solely upon its review of the face of the complaint.). "To survive a Rule 12(b)(6) motion to dismiss, a complaint [or counterclaim] must...contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Paletti v. Yellow Jacket Marina, Inc.*, 395 Fed. Appx. 549, 554 (11th Cir. 2010). All well-pleaded facts of the complaint/counterclaim must be accepted as true, and the court is required to interpret the complaint/counterclaim in a light most favorable to the plaintiff/counter-plaintiff. *Madura*, 2008 U.S. Dist. LEXIS 120922, 2-3, *citing*, *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Conversely, if a motion to dismiss is based upon a

dispositive issue of law under which no construction of the factual allegations of the complaint/counterclaim will support same, the dismissal of the complaint/counterclaim is appropriate. *Madura*, 2008 U.S. Dist. LEXIS 120922, 2-3, *citing*, *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991).

To avoid dismissal, the complaint/counterclaim is required to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the plaintiff's obligation to provide the bases for his/her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, a complaint/counterclaim will not survive dismissal if the well-pleaded allegations have "nudged [plaintiff/counter-plaintiff's] claims across the line from conceivable to plausible." *Id.* at 570.

Moreover, Federal Rule of Civil Procedure 12(f) provides that a Court may, under its own volition or by motion, strike any claim if the claim involves "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

### B. <u>Defendant's Counterclaim Should be Dismissed as it Serves No Useful Purpose</u>

The Declaratory Judgment Act provides that a Court, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 USCS §2201. As such, declaratory relief is available at the discretion of the Court. *See United States Liab. Ins. Co. v. Stone Mgmt., LLC*, 2009 U.S. Dist. LEXIS 109364 (M.D. Fla. Nov. 19, 2009). The Declaratory Judgment Act requires that the sought declaratory

relief serve a useful purpose in order for it to be deemed properly brought before the Court. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.). Under the Declaratory Judgment Act, declaratory relief may only be issued in a case of an actual controversy. The controversy "***may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.***" *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th Cir. 1999) (emphasis added). PERSONAL's Counterclaim specifically states that it is contingent upon ALLSTATE being "unsuccessful in its claims against PERSONAL MEDICAL CENTER, INC." As such, the Counterclaim fails to meet the necessary elements for a declaratory action to be properly brought before this Court and the dismissal of same is appropriate.

Furthermore, PERSONAL's Counterclaim is also insufficient under Florida's Declaratory Judgment Act, Florida Statute §86 et. sec. Florida Statute §86.011 requires in part:

> a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from

curiosity. *Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings*, 661 So. 2d 1190, 1192-93 (Fla. 1995).

By requiring this, the issuance of advisory opinions, in the form of declaratory judgments, is avoided "at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, [and] rest in the future." *Nationwide*, 657 F. Supp. 2d at 1292, *citing, Fla. Dep't of Ins. v. Guarantee Trust Life Ins. Co.*, 812 So. 2d 459, 460-61 (Fla. 1st DCA 2002). Thus, when a plaintiff fails to establish the existence of a justiciable controversy cognizable under Florida's Declaratory Judgment Act, a motion to dismiss same should be granted. *Nationwide*, 657 F. Supp. 2d at 1292. As under 28 USCS §2201, in order for PERSONAL's Counterclaim to not be subject to dismissal, PERSONAL was required to plead a claim for declaratory relief that was not contingent upon a hypothetical outcome. PERSONAL specifically failed to do this. Accordingly, as under the Federal Declaratory Judgment Act, PERSONAL's Counterclaim is also subject to dismissal under Florida's Declaratory Judgment act is it seeks declaratory relief in the event that "ALLSTATE is unsuccessful in its underlying action."

C. **Defendant's Counterclaim Should be Dismissed as it is a "Mirror Image Counterclaim"**

"Mirror image counterclaims" have been described as counterclaims that "merely restate issues already before the court as part of the plaintiff's affirmative case." *Atlantic Recording Corp. v. Serrano*, 2007 WL 4612921, 4 (S.D.Cal.,2007). "Mirror image counterclaims" do not contribute the defendant/counter-plaintiff's affirmative defenses and do not constitute an independent cause of action since the counterclaim would not be

able to stand on its own if the plaintiff were to dismiss his/her action causing there to be no remaining case or controversy. *Arista Records LLC v. Usenet.com., Inc.*, 2008 WL 4974823, 4 (S.D.N.Y. 2008); *see also Maverick Recording Co. v. Chowdhury*, 2008 WL 3884350, 2 (E.D.N.Y. Aug. 19, 2008) (Declaratory relief counterclaim is only appropriate when it presents independent case of controversy.)

Courts have continuously held that a "mirror image counterclaim should be dismissed. *Atlantic Recording Corp.*, 2007 WL 4612921, 4; *see also Arista Records LLC*, 2008 WL 4974823; *Interscope Records v. Kimmel*, 2007 WL 1756383 (N.D.N.Y. 2007) (Dismissal of counterclaim appropriate when it is mirror image of complaint and serves no other purpose.); *Avery Dennison Corp. v. Acco Brands, Inc.* 2000 WL 986995 (C.D.Cal. 2000). Courts have reasoned that the dismissal of a "mirror image counterclaim" is appropriate as such a counterclaim would not only be redundant because it would allege identical factual and legal issues to those posed in the plaintiff's complaint, but it would also be moot if plaintiff were to dismiss his/her complaint. *Avery Dennison Corp. v. Acco Brands, Inc.* 2000 WL 986995, 4 (C.D.Cal. 2000).

ALLSTATE's claims are based on Florida's No-Fault Statute, Fla. Stat. §627.736. ALLSTATE is seeking a determination that bills submitted to ALLSTATE by the Defendants are not compensable as the services were not lawfully rendered, in violation of Fla. Stat. §627.736. Defendant, PERSONAL's, Counterclaim seeks a determination by this Court that the bills submitted to ALLSTATE are payable under Fla. Stat. §627.736 if ALLSTATE is unsuccessful in its action. In other words, Defendant is seeking this Court to declare that the services rendered to ALLSTATE's insureds were

lawfully rendered, in accordance with Fla. Stat. §627.736. As such, the subject Counterclaim not only involves fundamentally the same factual issues and legal issues presented in ALLSTATE's Complaint and in PERSONAL's Affirmative Defenses but also poses a different position to the same question that was asked by ALLSTATE in its Complaint. Because of this, PERSONAL's Counterclaim fails to present any independent issue or independent question that is separate and distinct from the issues and questions presented in ALLSTATE's Complaint. Accordingly, the dismissal of Defendant, PERSONAL's, Counterclaim is appropriate as it is a "mirror image" of ALLSTATE's Complaint.

D. **The Court Lacks Subject Matter Jurisdiction Over Defendant's Counterclaim for Declaratory Relief**

Under Article III of the Constitution of the United States, the jurisdiction of the federal courts is limited to "actual cases or controversies." *See Allen v. Wright*, 468 U.S. 737, 750 (1984). In order for a Court's jurisdiction to be invoked, a case must be ripe for adjudication. This prevents the Courts from entertaining "a claim which is based upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Oriental Health Spa v. City of Fort Wayne*, 864 F.2d 486, 489 (7th Cir.1988), *citing*, *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985). To determine if an action is ripe for determination, a Court is required to consider "(1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Jacks v. Wells Fargo Bank, N.A. (In re Jacks)*, 642 F.3d 1323, 1332 (11th Cir. 2011).

With regard to the first prong of the ripeness test, the fitness of the issues analysis "is concerned with whether the issues sought to be adjudicated are contingent on future events or may never occur." *New York Civil Liberties Union v. Grandeau*, 528 F.3d 122, 132 (2nd Cir. 2008). Accordingly, if a claim is contingent on future events, it is not ripe as "it is based on speculative possibilities." *Jacks v. Wells Fargo Bank, N.A. (In re Jacks)*, 642 F.3d 1323, 1332 (11th Cir. 2011). Defendant's Counterclaim specifically indicates that it is contingent upon ALLSTATE being "unsuccessful in its claims against PERSONAL MEDICAL CENTER, INC." This specific admission by Defendant demonstrates Defendant's awareness that its Counterclaim may never become ripe as it is based upon specific future event that may never occur. Accordingly, Defendant's Counterclaim fails the first prong of the ripeness test.

The second prong of the ripeness test requires the Court to "consider the potential hardship to the parties if the Court withholds judgment until a more ideal time." *Yacht Club on the Intracoastal Condo. Ass'n v. Lexington Ins. Co.*, 2011 U.S. Dist. LEXIS 126787 (S.D. Fla. 2011). Defendant cannot demonstrate harm as its Counterclaim is premature as it is based upon a specific hypothetical finding of the Court that would provide the potential basis for alleging an action against ALLSTATE in regards to the insureds or claimants listed in its Exhibit "A". Further, Should ALLSTATE not prevail in the action as presently filed, PERSONAL still has the most appropriate remedy available, which is filing individual State court lawsuits where the differing allegations and defenses specific to each individual claims file can be individually tried. Since Defendant, PERSONAL, has failed to meet both of the prongs of the ripeness test,

Defendant cannot maintain the subject Counterclaim for declaratory relief against ALLSTATE and a dismissal of same is appropriate.

### III. CONCLUSION

The dismissal of Defendant, PERSONAL's, Counterclaim is appropriate as PERSONAL has failed to state a cause of action upon which relief can be granted and has asserted a mirror image Counterclaim seeking the same outcome as ALLSTATE, namely whether the services billed to ALLSTATE were lawfully rendered and are compensable under Fla. Stat. §627.736. Further, dismissal of the Counterclaim is appropriate as the Counterclaim is not ripe as it is contingent upon an event that may never occur. As such, this Court lacks the subject matter jurisdiction to entertain same.

**WHEREFORE**, ALLSTATE respectfully requests this Court grant its Motion to Dismiss Personal Medical Center, Inc.'s Counterclaim. ALLSTATE further requests this Court to order any other relief deemed just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2012, a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court by using the ECF system, which will send a notice of electronic filing to Kimberly P. Simoes, Esquire, The Simoes Law Group, P.A., 120 South Woodland Boulevard, Suite 213, Deland,

Florida 32720 and Eric Lee, Esquire, Lee & Amtzis, P.L., 5550 Glades Road, Suite 401, Boca Raton, Florida 33431.

>By: /s/ Tammy B. Denbo
>**TAMMY B. DENBO, ESQ. (Trial Counsel)**
>Florida Bar No. 0163597
>tammy.denbo@mastenlyerly.com
>**DONALD J. MASTEN, ESQ. (Trial Counsel)**
>Florida Bar No. 0679161
>don.masten@mastenlyerly.com
>Masten, Lyerly, Peterson & Denbo, LLC
>6730 West Linebaugh Avenue, Suite 101
>Tampa, FL 33625
>(813) 418-6400/office, (813) 217-9367/fax