# UNITED STATES DISTRICT COURT
для
Middle District of Florida

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
 INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
 INSURANCE COMPANY; and
ALLSTATE VEHICLE AND PROPERTY
 INSURANCE COMPANY (F/K/A: DEERBROOK
 INSURANCE COMPANY, SUCCESSOR BY
 MERGER TO NORTHBROOK INDEMNITY
 COMPANY),

      Plaintiffs;

v.　　　　　　　　　　　　　　　　Civil Action No.: 8:11-cv-00804-EAK-EAJ

SARA C. VIZCAY, M.D.;
BEST CARE MEDICAL CENTER, INC.;
CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
 (F/K/A: DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.;
P.V.C. MEDICAL CENTER, INC.; and
REGIONAL ENTERPRISES FOR HEALTH
 CORPORATION;

      Defendants.
_____/

### PLAINTIFFS' MOTION TO CONTINUE TRIAL AND EXTEND CERTAIN DEADLINES AND INCORPORATED MEMORANDUM OF LAW

COME NOW Plaintiffs (hereinafter collectively referred to as "ALLSTATE"), by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure, and hereby requests this Court continue the trial currently scheduled for the

1

November 2012 docket and extend certain deadlines established by the Case Management and Scheduling Order and/or any subsequent Orders on motions for extension of time. Specifically ALLSTATE requests to extend deadlines for completion of all discovery, including expert disclosures and reports, dispositive motions, and mediation, and in support thereof, states as follows:

1. Although the Complaint in this case was filed on April 12, 2011, it was not until April 11, 2012 when the case became "at issue" through the filing of the Defendants' answers. Defendants filed a counterclaim on or about April 11, 2012, thereby essentially asserting two hundred forty-seven (247) breach of contract claims and declaratory relief actions.

2. On May 2, 2012, ALLSTATE served its Motion to Dismiss Defendants' Counterclaim and in the Alternative, For Abatement of the Counterclaim, and Memorandum of Law in Support. (Dkt. 95). On July 25, 2012, this Court issued an Order wherein ALLSTATE's motion to dismiss was granted and Defendants' counterclaim was dismissed. (Dkt. 147)

3. This is a complicated case involving eight (8) Defendants and a sophisticated scheme set up by them to subvert patient and public safety protections, established by Florida's legislature through the licensing requirements of the Health Care Clinic Act. This was done to deliver personal financial benefits to the individuals involved in the operation of the scheme, by way of unlawful bills submitted to ALLSTATE while defrauding (or attempting to defraud) ALLSTATE. Prosecution of this case has been difficult due to the complexity of

the issues, the number of parties and multiple significant discovery disputes between the parties that has dramatically slowed down the discovery process.

4. Pursuant to this Court's Order dated July 19, 2012 (Dkt. 142), certain deadlines were extended as follows: the mediation deadline was extended to September 1, 2012 and the dispositive motion deadline was moved to August 24, 2012. Pursuant to a previous order (Dkt. 128), the discovery cut-off is currently on August 2, 2012. The pre-trial conference is scheduled for October 9, 2012 at 10:00 am and the trial is scheduled for the November 2012 docket.

5. To date, discovery is substantially incomplete. Although counsel for all parties have been diligently working toward completing discovery, significant discovery disputes and some calendar conflicts have resulted in unexpected delays, especially in completing depositions. Specifically, a key deposition in the case of the Defendant, Sara Vizcay, M.D. (hereinafter referred to as "VIZCAY") has not been taken. It was scheduled to take place on July 27, 2012 at 9:00 am; however, because of pending discovery issues and the July 23, 2012 discovery order (Dkt. 143 discussed more fully below) pertaining to financial-records discovery, the deposition was postponed so that this motion could be filed with the intention – subject to the Court's approval – of taking the deposition after receipt and review of critical information expected to be contained within the financial discovery. Counsel for Defendants do not object to extending the discovery deadline solely as it relates to VIZCAY's deposition. (All other extension requests within this motion are opposed.) VIZCAY's deposition is expected to be conducted with a

translator and will be lengthy. Following her deposition, additional time will be needed by the parties and their experts to analyze her deposition testimony and to make conclusions and provide updated expert opinions. Also, depositions of expert witnesses have not been completed since the majority of the requested financial discovery was objected to, so the bulk of the relevant financial documents that need to be analyzed have not yet been received. Now that this Court has granted financial discovery, ALLSTATE needs to obtain the financial documents this Court ruled discoverable.

6. Further, ALLSTATE has been unable to conduct the depositions of certain key witnesses, including two of the suspected actual owners of Defendant DeFacto clinics, specifically, Heather Green and Enrique Toledo, as a result of being unable to effectuate service. There are no other witnesses that could supply substantially the same information as these key witnesses. The facts that these witnesses are believed to be able to testify to are essential to fully and fairly developing and understanding facts pertaining to a central issue in the case. The testimony of these witnesses is vital to ALLSTATE's causes of action in that their testimony is necessary to establish VIZCAY was not the whole owner and financial beneficiary of the operations of one the Defacto Clinics, despite paperwork listing VIZCAY as the whole owner, in violation of the law. ALLSTATE recently acquired additional information regarding their suspected whereabouts and is continuing in its efforts to serve these witnesses with deposition subpoenas.

7. Additionally, ALLSTATE has not been able to conduct the deposition of non-party, Eusevio Aquina due to his failure to appear for a properly noticed deposition. This issue is currently in front of this Court on the Court's Certificate of Facts Constituting Contempt (Dkt. 144) and a hearing on this issue is scheduled to take place on August 22, 2012. This hearing is outside of the discovery cut-off deadline and the testimony of Eusevio Aquina is vital to ALLSTATE's causes of action in that his testimony is necessary to establish VIZCAY was not the whole owner and financial beneficiary of the operations of another one of the Defacto Clinics, despite paperwork listing VIZCAY as the whole owner, in violation of the law. In addition to the testimony needed from this witness, the deposition Notice included document requests for relevant documents essential to this litigation. ALLSTATE needs time to complete this deposition, obtain the documents from the witness, and provide the documents to ALLSTATE's financial expert to analyze and potentially include in an amended report with updated opinions.

8. No depositions that have been started have been completed as a result of many pending discovery disputes, including the scope of financial discovery. (Some of the financial discovery issues were resolved through this Court's June 23, 2012 Order pertaining to financial discovery. (Dkt. 143). ALLSTATE believes that financial discovery including, but not limited to, bank account information of the flow of money will support its allegations that VIZCAY was not the actual whole owner of the Defacto Clinics. Defendants vigorously objected to many forms of

requested discovery. On July 23, 2012, this Court entered an Order (Dkt. 143) setting the scope of the financial discovery as it pertained to bank records subpoenas and personal financial records of non-party witnesses. The Order requires that the discovery requests granted in this order be produced within twenty days, which means ALLSTATE will receive the documents after the current discovery cut-off date. The materials produced will need to be analyzed and opined on by the experts. There is a reasonable possibility that additional experts may need to be retained or additional opinions may be required from the existing experts, and their reports will need to be amended.

9. In order to fully vet the pertinent issues, ALLSTATE needs the financial discovery responses prior to rescheduling the continued depositions. The financial information that ALLSTATE seeks to obtain from the continued depositions, especially the deposition of Ariel Santos, is relevant and material to the issues raised in the parties' pleadings in that it is very likely to disclose the flow of money and therefore, the identity of the true owners of the Defacto Clinics. In addition, Defendants have asserted many objections and have not fully answered much of ALLSTATE's written discovery requests, especially those requests related to financial information. Detailed motions with regard to the disputed financial discovery issues will be filed in the coming week. On July 23, 2012, ALLSTATE filed a motion with the Court requesting to file a motion to compel discovery as said motion exceeds twenty-five (25) pages. (Dkt. 145). ALLSTATE is awaiting a ruling on same prior to filing one of the forthcoming

motions to compel. ALLSTATE refrained from filing such additional discovery motions while awaiting the Court's ruling on the motions for protective orders on the bank record subpoenas with the expectation that it could potentially narrow some of the disputed issues once the parties received ruling on this financial discovery issue, which would provide guidance on the appropriateness and scope of future discovery related motions.

10. On July 23, 2012 this Court issued an Order (Dkt. 147) on the financial discovery sought from the Defendant clinics' banks, as well as personal financial discovery sought from a non-party, Ariel Santos, who appears to have an ownership interest in one of the Defendant DeFacto clinics that claims to be wholly owned by VIZCAY. Through this Order, the Court is permitting some of the requested financial discovery; however, pursuant to the Order, there are additional steps that need to be completed prior to the discovery being provided. Counsel needs to provide the July 23, 2012 Court Order to the pertinent banks and contact the banks to ensure they are willing to only produce the appropriate documents. If the banks cannot sort their records sufficiently, then counsel is directed to propose a procedure to permit the discovery, and the procedure will require court approval. Once court approval is obtained, counsel will then need to allow the banks time to sort the records and only provide the appropriate documents. For some of the banking records sought, ALLSTATE must propose more narrowly tailored bank record subpoenas and confer with counsel for Defendants in attempt to reach an agreement. If no agreement is reached, further Court intervention will

be needed. ALLSTATE will need to permit the banks a reasonable time to provide the records, which would be expected to be approximately four (4) to eight (8) weeks. After the requested documents are ultimately received by ALLSTATE, the documents will need to be provided to ALLSTATE's financial expert for analysis and he will then provide an updated expert opinion.

11. ALLSTATE retained and previously disclosed the expert report of Ron Sanderford, CPA, CFE (See Affidavit at Dkt. 123) wherein Ron Sanderford provided a detailed listing of ownership- related documents he would need to review in order to form an expert opinion. To date, ALLSTATE has not received the bulk of these relevant documents as a result of the many objections lodged by counsel for Defendants. ALLSTATE requests the expert disclosure deadlines be extended at least until ninety (90) days after all financial discovery permitted by this Court is received by ALLSTATE. This will allow time for the remaining discovery issues to be resolved, financial documents provided and relevant deposition testimony obtained such that ALLSTATE's expert can analyze the information and provide an updated expert report with his opinions. Without the expansion of this expert disclosure and reporting deadline, ALLSTATE will be severely prejudiced in that an essential expert will not be provided the necessary time to review documents essential to forming his expert opinion.

12. Newly discovered evidence, that has come to light since the filing of this lawsuit, has revealed a need for ALLSTATE to amend its complaint to add a party-defendant, Norge Romero, to this litigation. Norge Romero is the believed to

have a significant ownership interest in the Defendant DeFacto Clinic, GLOBAL. This ownership interest was concealed as a part of a scheme to claim VIZCAY as sole owner to circumvent statutory health care clinic licensing requirements and allow GLOBAL to operate, thereby fraudulently submitting bills for payment by ALLSTATE. This scheme to conceal Norge Romero's true role prevented ALLSTATE from discovering Norge Romero's believed ownership interest in the Defendant clinic, GLOBAL. ALLSTATE will be filing a motion for leave to amend the complaint in the very near future. There is a need to amend the complaint to add Norge Romero as a party-defendant because filing a separate lawsuit against Norge Romero for the same facts and circumstances present in the instant litigation would not favor the interest of judicial economy and may result in inconsistent verdicts.

13. For the foregoing reasons, ALLSTATE believes that the interest of justice and judicial economy would be best served by extending the expert disclosure and reporting deadline until ninety (90) days after ALLSTATE is provided all financial discovery authorized by this Court, extending the discovery cut-off by six (6) months, the dispositive motion and mediation deadline by seven (7) months and continuing the trial date by nine (9) months. ALLSTATE acknowledges that the addition of parties – if allowed by the Court – may require a further extension of the deadlines suggested herein. ALLSTATE will be prejudiced by a denial of such extensions as it is impossible to complete the

already pending discovery within the current deadlines and to accomplish all steps necessary for the preparation for trial.

14. This request is not being made for the purposes of delay or in bad faith. This is the first time that a trial continuance has been requested in this case.

15. The request is being made more than sixty (60) days before the scheduled trial date, as required by Local Rule 3.09(b).

16. Pursuant to Fed. R. Civ. P. 6(b), federal courts, for cause shown, have "wide discretion to enlarge the time for doing an act required or allowed under the rules to be done within a specified time." *Woods v. Allied Concord Fin.Corp.*, 373 F.2d 733 (5th Cir. 1967); *Harris v. Siegel*, 438 F.Supp. 510, 513 (S.D.Fla. 1977).

17. Continuances and extensions of time are governed by Federal Rules of Civil Procedure Rule 6(b) and 16(b), which afford the Court broad discretion to control the conduct of the cases before it. Rule 6(b) provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect…

18. Federal Rule of Civil Procedure 16(b) further provides in part that a "schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Although a rigid application of this test is disfavored, the U.S. Court of Appeals for the

Eleventh Circuit considers the following factors when reviewing whether a trial court abused its discretion in denying a motion to continue:

> (1) the moving party's diligence in its efforts to ready its case prior to the date set for [trial]; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the extent to which the moving party might have suffered harm as a result of the district court's denial.
> *Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir.2008).

19. ALLSTATE is making this request for continuance and extension before the expiration of the last deadline set by the Court's Order (Dkt. 128 and 142). When a party has moved to extend the deadlines before their expiration, there is no requirement to show excusable neglect or good cause. *Moyer v. Walt Disney World Co.*, 146 F.Supp.2d 1249, 1252 (M.D. Fla., 2000) (implying that good cause is not necessary to obtain an extension of the scheduling order deadlines if the motion is made before the expiration of the deadline – "(b)ecause Plaintiff's motion to amend was filed after the Scheduling Order deadline expired, Plaintiff must first show good cause…").

20. Trial courts are justified in denying continuances if requested too close to the date the trial has to commence; however, no such situation is present here as the trial is scheduled to begin in three (3) months, i.e., the November 2012 docket. Cf, *U.S. v. Harrelson*, 477 F.2d 383 (5th Cir. 1973)(Denial of defendant's motion for continuance made three days before trial was set to begin was not an abuse of discretion). ALLSTATE is making this motion at the earliest practicable moment

after the circumstances obviating the necessity for the continuance and the extension of deadlines have arisen. The additional discovery is needed to obtain evidence on the operations and financial matters of the clinics that is unavailable from any other source. Cf, *Harbor Tug & Barge, Inc. v. Belcher Towing Co.*, 733 F.2d 823 (11th Cir. 1984)(Trial court did not err in denying continuance for sole purpose of introducing testimony which was already contained in deposition which had been admitted into evidence).

21. Courts are also justified in denying a continuance when no real explanation of the need and of the goals that the granting of continuance would accomplished are offered by the moving party. See *American Lease Plans, Inc. v. Silver Sand Co. of Leesburg, Inc.*, 1981 637 F.2d 311 (5th Cir. 1981)(Proper to deny motion for continuance to allow discovery, which motion was made approximately six months after entry of summary judgment finding the company liable as guarantor of leases, where the company offered no reasons why the discovery was not conducted earlier during the long course of the lawsuit and did not demonstrate more than a tenuous potential connection between the newly discovered evidence and its contentions during the course of the lawsuit). No such circumstances are present in the current case – ALLSTATE has been diligently working to obtain the desired discovery but has been unable to complete same due to the many reasons stated above. The discovery sought directly relates to ALLSTATE's position throughout the lawsuit that VIZCAY was not the actual whole owner of the Defacto Clinics, that individuals other than VIZCAY had a significant

ownership interest in the Defacto Clinics and, therefore, the bills submitted by the Defacto Clinics were unlawful and were submitted with the intent to defraud ALLSTATE. The need for such discovery also necessitates the need for an extension of the expert disclosure and reporting deadline, the dispositive motion deadline, mediation deadline and a continuance of the trial.

22. Pursuant to Local Rule 3.01(g), counsel for ALLSTATE conferred with counsel for Defendants who object to the relief sought, other than the extension of the timeframe within which to complete the deposition of VIZCAY, as specifically explained within paragraph five (5) above.

23. Good cause exists to justify the requested continuance and extensions of time, as resetting the trial date and the deadlines for discovery and dispositive motions will allow an orderly preparation for trial and serve the purposes of justice.

24. Pursuant to Local Rule 3.09, counsel for ALLSTATE conferred with representatives from ALLSTATE and the representatives from ALLSTATE have consented to, and agree with, the filing of this motion.

WHEREFORE, ALLSTATE respectfully requests this Honorable Court to enter an Order extending the expert disclosure and reporting deadline until ninety (90) days after ALLSTATE is provided all financial discovery, extending discovery cut-off by six (6) months, the dispositive motion and mediation deadline by seven (7) months and continuing the trial date by nine (9) months.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 25, 2012, a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court by using the ECF system, which will send a notice of electronic filing to Daniel A. Martinez, Esquire, Inguna Varslavane-Callahan, Esquire, and Kelly J. McAuley, Esquire, Callahan & Martinez, LLC, 2935 1st Avenue North, Floor 2, St. Petersburg, Florida 33713 (*Co-Counsels for Plaintiffs*) and Kimberly P. Simoes, Esquire, The Simoes Law Group, P.A., 120 South Woodland Boulevard, Suite 213, Deland, Florida 32720; Eric Lee, Esquire, Lee & Amtzis, P.L., 5550 Glades Road, Suite 401, Boca Raton, Florida 33431; Crystal Eiffert, Esquire and Chad A. Barr, Esquire, Eiffert & Associates, P.A., 122 East Colonial Drive, Suite 210, Orlando, Florida 32801 (*Attorneys for Defendants*).

By: s/ Inguna Varslavane-Callahan
**DANIEL A. MARTINEZ, ESQ. (Trial Counsel)**
Florida Bar No. 0009016
dan@callahanmartinez.com
**INGUNA VARSLAVANE-CALLAHAN, ESQ. (Trial Counsel)**
Florida Bar No. 0183873
inga@callahanmartinez.com
**KELLY J. MCAULEY, ESQ. (Trial Counsel)**
Florida Bar No. 0026548
kelly@callahanmartinez.com
Callahan & Martinez, LLC
2935 1st Avenue North, Floor 2
St. Petersburg, Florida 33713
(727) 894-3535/office, (727) 502-9621/fax

AND

**TAMMY B. DENBO, ESQ. (Trial Counsel)**
Florida Bar No. 0163597
tammy.denbo@mastenlyerly.com
**DONALD J. MASTEN, ESQ. (Trial Counsel)**

Florida Bar No. 0679161
don.masten@mastenlyerly.com
Masten, Peterson & Denbo, LLC
6730 West Linebaugh Avenue, Suite 101
Tampa, Florida 33625
(813) 418-6400/office, (813) 217-9367/fax