UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; ALLSTATE FIRE
AND CASUALTY INSURANCE COMPANY;
and ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY (F/K/A DEERBROOK
INSURANCE COMPANY, SUCCESSOR BY
MERGER TO NORTHBROOK INDEMNITY
COMPANY),

    Plaintiffs,

v.                                                       Case No. 8:11-CV-804-EAK-EAJ

SARA C. VIZCAY, M.D.; BEST CARE MEDICAL
CENTER, INC.; CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
(F/K/A DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.; P.V.C.
MEDICAL CENTER, INC.; and REGIONAL
ENTERPRISES FOR HEALTH CORPORATION,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION IN LIMINE WITH RESPECT TO SCOPE OF EXPERT TESTIMONY

This cause comes before the Court on Defendants' Motion in Limine with Respect to Scope of Expert Testimony (the "Motion"), (Doc. # 323), filed April 15, 2013, and Plaintiffs' Response in Opposition, (Doc. # 342), filed April 22, 2013. For the reasons that follow, the Defendants' Motion is **GRANTED** in part.

## BACKGROUND

The Plaintiffs brought this action against Dr. Vizcay and seven health care clinics to dispute and avoid the payment of No-Fault Personal Injury Protection ("PIP") claims. Plaintiffs argue the PIP payments are not properly payable to the defendant health care clinics. Specifically, Plaintiffs allege the Defendants engaged in fraudulent billing practices, in addition to failing to comply with the licensing requirements of the Florida Health Care Clinic Act ("HCCA"). Consequently, according to Allstate, all claims for services performed by the health care clinics in violation of the HCCA are not properly payable. Defendants anticipate Plaintiffs' experts will provide the following allegedly impermissible testimony: 1) Mr. Sanderford and Ms. Coleman testifying to the state of mind, motives, and intent of Defendants and Defendants' employees; 2) Ms. Coleman testifying to the parties' compliance, or lack thereof, with statutes and rules; 3) Ms. Coleman testifying to how adjusters understand medical records or claim forms; 4) Ms. Coleman's testimony relying on certain identified articles, treatises, or other sources; 5) Ms. Coleman applying an incorrect standard to no-fault billing; and 6) Ms. Coleman testifying to unsubstantiated and erroneous legal statements. (Doc. # 323). Plaintiffs oppose the Motion, and rely on argument previously before Magistrate Judge Jenkins, and additionally assert the experts' testimony is admissible and appropriate under the Federal Rules of Evidence. (Doc. # 342).

## ANALYSIS

### 1. State of Mind, Motives, and Intent

Defendants fail to identify the testimony with respect to state of mind, motives, and intent. Without the specific testimony and context, the Court is without the proper and complete information to address this issue. Therefore, Defendants' request is **DENIED**. Defendants may reassert the objection at trial upon voir dire of the experts.

## 2. Compliance with Statues and Rules

Defendants argue experts are precluded from testifying about the meaning of a law, including what constitutes compliance or whether a violation is willful, as well as offering post hoc testimony to determine legislative intent of a law. (Doc. # 323). Plaintiffs concede their experts will not testify to whether Defendants ultimately violated the law, but alternatively offer their experts permissibly may testify to the following: 1) the standard of care for coding; 2) explain coding issues, including "upcoding" and "unbundling;" and 3) Defendants' compliance with the appropriate standard of care. (Doc. # 342). With respect to compliance with statutes and rules, Plaintiffs' experts may offer testimony to these preceding subjects; otherwise, Defendants' request is **GRANTED**, and Plaintiffs' experts are precluded from testifying whether Defendants ultimately violated the law, whether the violation was willful, and the legislative intent of a law.

## 3. Adjusters' Understanding of Medical Records or Claim Forms

Defendants seek to preclude Ms. Coleman from testifying with respect to the adjusters' knowledge, understanding, or reliance upon any medical records or claim forms. (Doc. # 323). Plaintiffs concede they do not intend to elicit such testimony, but urge the Court to deny this relief in the event Defendants "open the door" during examination of the experts. (Doc. # 342). Defendants' request is **GRANTED** to the extent Defendants do not raise the issues through questioning of witnesses, Plaintiffs' experts or otherwise. Should Defendants "open the door" with respect to this area of inquiry, the Court will address the merits of allowing Plaintiffs to elicit this area of testimony.

## 4. Identified Articles, Treatises, and Other Sources

Defendants urge the Court to bar Plaintiffs' experts from referencing the articles, treatises, and other sources identified in the expert disclosures. (Doc. # 323). Plaintiffs oppose this, and

argue the articles, treatises, and other sources are admissible under the Federal Rules of Evidence as an exception to the hearsay rule and as the basis for an expert's opinion. (Doc. # 342). Statements contained in a treatise, periodical, or pamphlet will not be excluded from evidence if either: "A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." Federal Rule of Evidence 803(18). If admitted, the statement will not be received as an exhibit, but may be read into evidence. Id. Defendants have failed to identify which sources—if any—are inadmissible with respect to Federal Rule of Evidence 803(18), and only generally allege the documents as a whole are inadmissible under Federal Rule of Evidence 801(c), without addressing the documents within the confines of Federal Rule of Evidence 803(18). The Court is without the proper and complete information to address this issue, and the request must therefore be **DENIED**.

### 5. Application of the Incorrect Standard to No-Fault Billing

Defendants generally request a complete bar of Plaintiffs' expert testimony with respect application of an incorrect standard to no-fault billing analysis, and characterize this testimony as nothing more than "a well-rehearsed diatribe of irrelevant, inapplicable, and self-created standards" that could mislead a juror. (Doc. # 323). Plaintiffs oppose the request, and argue Ms. Coleman and Mr. Sanderford may permissibly offer expert opinions with respect to Defendants' coding techniques and adherence to the standards of care for same. (Doc. # 342). Magistrate Judge Jenkins addressed the admissibility of this expert testimony in her order dated March 26, 2013, (Doc. # 304), and the Defendants have not raised any additional argument or basis for the exclusion of the testimony. Therefore, Defendants' request is **DENIED**.

### 6. Legal Requirements for No-Fault Billing

Defendants contend Plaintiffs' experts will provide impermissible legal opinions and conclusions which the jury may not consider. (Doc. # 323). Plaintiffs oppose this contention, and argue the cited opinions and conclusions, when considered in context, are permissible billing opinions and related to other areas which Plaintiffs' experts may render an opinion. (Doc. # 342). While Defendants are correct that experts may not offer legal conclusions and opinions concerning ultimate fact issues, the quotes and allegations contained in the Motion offer no context with respect to Plaintiffs' experts' ultimate opinions. The Court is without the proper and complete information to address this issue, and the request must therefore be **DENIED**.

Accordingly, it is

**ORDERED** and **ADJUDGED** that Defendants' Motion in Limine with Respect to Scope of Expert Testimony is **GRANTED** in part. Plaintiffs' experts are precluded from:

1. Testifying whether Defendants ultimately violated the law, whether the violation was willful, and the legislative intent of a law; and

2. Testifying with respect to the adjusters' knowledge, understanding, or reliance upon any medical records or claim forms to the extent Defendants do not "open the door" during examination of the experts;

The remainder of Defendants' Motion is **DENIED**. Defendants may raise these objections upon voir dire of the expert witnesses, or when otherwise appropriate.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record