UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; ALLSTATE FIRE
AND CASUALTY INSURANCE COMPANY;
and ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY (F/K/A DEERBROOK
INSURANCE COMPANY, SUCCESSOR BY
MERGER TO NORTHBROOK INDEMNITY
COMPANY),

    Plaintiffs,

v.   Case No. 8:11-CV-804-EAK-EAJ

SARA C. VIZCAY, M.D.; BEST CARE MEDICAL
CENTER, INC.; CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
(F/K/A DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.; P.V.C.
MEDICAL CENTER, INC.; and REGIONAL
ENTERPRISES FOR HEALTH CORPORATION,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION IN LIMINE WITH RESPECT TO EVIDENCE, ARGUMENT OR ANY SUGGESTION OF A "CONSPIRACY" BETWEEN THE DEFENDANTS AS NO CONSPIRACY COUNT EXISTS

This cause comes before the Court on Defendants' Motion in Limine with Respect to Evidence, Argument or Any Suggestion of a "Conspiracy" Between the Defendants as No Conspiracy Count Exists (the "Motion"), (Doc. # 324), filed April 15, 2013, and Plaintiffs' Response in Opposition, (Doc. # 341), filed April 22, 2013. For the reasons that follow, the Defendants' Motion is **DENIED**.

## BACKGROUND

The Plaintiffs brought this action against Dr. Vizcay and seven health care clinics to dispute and avoid the payment of No-Fault Personal Injury Protection ("PIP") claims. Plaintiffs argue the PIP payments are not properly payable to the defendant health care clinics. Specifically, Plaintiffs allege the Defendants engaged in fraudulent billing practices, in addition to failing to comply with the licensing requirements of the Florida Health Care Clinic Act ("HCCA"). Consequently, according to Allstate, all claims for services performed by the health care clinics in violation of the HCCA are not properly payable. While Plaintiffs have not specifically pled a count of civil conspiracy, Defendants anticipate Plaintiffs may present an allegation of civil conspiracy at trial. (Doc. # 324). Plaintiffs oppose Defendants' position, contend they have consistently alleged throughout the course of litigation a scheme by Defendants to defraud Allstate, and anticipate evidence at trial will satisfy the civil conspiracy elements, permitting Plaintiffs to amend their Complaint under Federal Rule of Civil Procedure 15(b). (Doc. # 341).

## ANALYSIS

Plaintiffs have represented to this Court that evidence at trial should satisfy the elements of civil conspiracy, and having alleged a common scheme among Defendants, while not specifically naming a conspiracy by name, Plaintiffs have put Defendants on notice of the possibility of a civil conspiracy allegation and charge at trial. (Doc. # 341). Federal Rule of Civil Procedure 15(b) permits a party to amend pleadings up to and after trial. Controlling case law is clear: discretion whether to allow a party to amend a complaint at the close of trial to conform to the evidence lies with the trial court. Thews v. Wal-Mart Stores, Inc., 2014 WL 1043551 (11th Cir. 2014) (citing Borden, Inc. v. Fla. E. Coast Ry. Co., 772 F.2d 750, 758 (11th Cir. 1985)). If the Court were to accept Defendants' contention that a party may not present or elicit evidence at

trial outside the confines of the party's causes of action in the complaint, the purpose of Federal Rule of Civil Procedure 15 would serve no purpose. While parties are encouraged to finalize pleadings prior to trial, Rule 15(b) provides relief where evidence presented and elicited at trial would sustain an otherwise un-pled cause of action. Should the evidence conform to a civil conspiracy charge in accord with Rule 15(b), both Plaintiffs and Defendants may be entitled to the appropriate relief under 15(b); however, if Plaintiffs fail to successfully amend their complaint, Defendants will be entitled to a special curative instruction and other appropriate relief. Accordingly, it is

**ORDERED** and **ADJUDGED** that Defendants' Motion in Limine with Respect to Evidence, Argument or Any Suggestion of a "Conspiracy" Between the Defendants as No Conspiracy Count Exists is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this __3/31__ of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record