UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; ALLSTATE FIRE
AND CASUALTY INSURANCE COMPANY;
and ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY (F/K/A DEERBROOK
INSURANCE COMPANY, SUCCESSOR BY
MERGER TO NORTHBROOK INDEMNITY
COMPANY),

    Plaintiffs,

v.   Case No. 8:11-CV-804-EAK-EAJ

SARA C. VIZCAY, M.D.; BEST CARE MEDICAL
CENTER, INC.; CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
(F/K/A DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.; P.V.C.
MEDICAL CENTER, INC.; and REGIONAL
ENTERPRISES FOR HEALTH CORPORATION,

    Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION IN LIMINE WITH RESPECT TO EVIDENCE AND CROSS EXAMINATION OF UNRELATED CRIMINAL CHARGES AGAINST NORGE ROMERO OR OTHER WITNESSES

This cause comes before the Court on Defendants' Motion in Limine with Respect to Evidence and Cross Examination of Unrelated Criminal Charges Against Norge Romero or other Witnesses (the "Motion"), (Doc. # 325), filed April 15, 2013, and Plaintiffs' Response in Opposition, (Doc. # 340), filed April 22, 2013. For the reasons that follow, the Defendants' Motion is **GRANTED**.

## BACKGROUND

The Plaintiffs brought this action against Dr. Vizcay and seven health care clinics to dispute and avoid the payment of No-Fault Personal Injury Protection ("PIP") claims. Plaintiffs argue the PIP payments are not properly payable to the defendant health care clinics. Specifically, Plaintiffs allege the Defendants engaged in fraudulent billing practices, in addition to failing to comply with the licensing requirements of the Florida Health Care Clinic Act ("HCCA"). Consequently, according to Allstate, all claims for services performed by the health care clinics in violation of the HCCA are not properly payable. Plaintiffs seek to introduce the criminal activity and arrest of Defendant Global Diagnostics Center's manager Norge Romero. (Doc. # 340). Plaintiffs contend this evidence illustrates Defendant Vizcay's knowledge of the activity and failure to act upon it, which in turn proves Defendant Vizcay was not the true owner of Global Diagnostics Center. Id. Defendants collectively oppose the introduction of this evidence based on Federal Rules of Evidence 608 and 609, and assert not only the evidence is inadmissible, but also that the danger of unfair prejudice substantially outweighs any probative value. (Doc. # 325).

## ANALYSIS

The danger of unfair prejudice and confusion of issues with respect to Norge Romero's criminal activity and arrest substantially outweigh any probative value. Generally, evidence of criminal activity and arrest—without a conviction for a felony or crime involving dishonesty or fraud—is inadmissible at trial. Fed. R. Evid. 609. Further, a court may exclude otherwise relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Here, Plaintiffs urge the Court to deny Defendants' Motion, and claim the evidence is probative of Defendant Vizcay's knowledge with respect to

Norge Romero's activities at the Global Diagnostic Center and failure to act upon it for a significant period of time. (Doc. # 340). Plaintiffs allege this evidence, in turn, proves Defendant Vizcay's true position at Global Diagnostic Center—an independent contractor, rather than owner. Id. Defendants vehemently dispute the probative value of this evidence, and cite Defendant Vizcay's cooperation with law enforcement and pursuit of criminal charges against Norge Romero as evidence directly contrary to Plaintiffs' position. (Doc. # 325). Presently, the probative value of Norge Romero's criminal activity and arrest, as presented in Defendants' Motion and Plaintiffs' Response in Opposition, is speculative at best; however, the danger of unfair prejudice and confusion of issues is substantial and evident—a juror could reasonably and foreseeably impute Norge Romero's criminal activity and arrest to not only Global Diagnostic Center, but also the remainder of the collective Defendants, and conclude the clinics as a whole were engaged in criminal activity. If Plaintiffs present and elicit further evidence at trial to further illuminate the probative value of Norge Romero's criminal activity and arrest, the Court will entertain additional argument on this issue. Accordingly, it is

**ORDERED** and **ADJUDGED** that Plaintiffs shall not introduce evidence of, or allude to in any manner, Norge Romero's criminal activity or arrest, unless such evidence becomes admissible under Federal Rule of Evidence 404(b), at which time the Court will address the merits of same.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record