UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; ALLSTATE FIRE
AND CASUALTY INSURANCE COMPANY;
and ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY (F/K/A DEERBROOK
INSURANCE COMPANY, SUCCESSOR BY
MERGER TO NORTHBROOK INDEMNITY
COMPANY),

    Plaintiffs,

v.                                              Case No. 8:11-CV-804-EAK-EAJ

SARA C. VIZCAY, M.D.; BEST CARE MEDICAL
CENTER, INC.; CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
(F/K/A DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.; P.V.C.
MEDICAL CENTER, INC.; and REGIONAL
ENTERPRISES FOR HEALTH CORPORATION,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION IN LIMINE TO PREVENT EVIDENCE REGARDING DEMAND LETTERS OR STATE COURT LITIGATION

This cause comes before the Court on Defendants' Motion in Limine to Prevent Evidence Regarding Demand Letters or State Court Litigation (the "Motion"), (Doc. # 326), filed April 15, 2013, and Plaintiffs' Response in Opposition, (Doc. # 341), filed April 22, 2013. For the reasons that follow, the Defendants' Motion is **GRANTED**.

## BACKGROUND

The Plaintiffs brought this action against Dr. Vizcay and seven health care clinics to dispute and avoid the payment of No-Fault Personal Injury Protection ("PIP") claims. Plaintiffs argue the PIP payments are not properly payable to the defendant health care clinics. Specifically, Plaintiffs allege the Defendants engaged in fraudulent billing practices, in addition to failing to comply with the licensing requirements of the Florida Health Care Clinic Act ("HCCA"). Consequently, according to Allstate, all claims for services performed by the health care clinics in violation of the HCCA are not properly payable. Prior to the initiation of the subject litigation, Defendants sent statutorily-required demand letters to Plaintiffs in anticipation of bringing suit against, and followed through by filing suit to recover the PIP payments. (Doc. # 326). Defendants anticipate Plaintiffs will impermissibly utilize evidence of the demand letters and state court litigation to "vilify" Defendants and characterize the subject litigation as preemptory in an attempt to "garner sympathy" with the jury; essentially, faced with the "threat" of suit, Plaintiffs had no other choice but to sue Defendants. Id. Plaintiffs oppose Defendants' Motion, but concede this evidence will not be used to argue Plaintiffs were "threatened" or "forced" to litigate. (Doc. # 341). Rather, Plaintiffs submit the evidence will be utilized to show Defendants "intended or expected Allstate to rely upon the submission of the bills and medical documentation," that "there was no mistake or inadvertence in the submission of the bills," and to counter Defendants' affirmative defense with respect to mitigation. Id.

## ANALYSIS

The danger of unfair prejudice, confusion of issues, and needless presentation of cumulative evidence substantially outweigh any probative value resulting from the introduction of the demand letters and state court litigation. A court may exclude relevant evidence when the

probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Here, Plaintiffs urge the Court to deny Defendants' Motion, and claim the evidence is probative of Defendants' intention or expectation that Plaintiffs rely upon the submission of the medical documentation, there was no mistake or inadvertence in the submission of the bills, and counter Defendants' contention that Plaintiffs failed to mitigate their damages. In the event Defendants dispute the veracity of the submitted medical documentation, claim mistake or inadvertence in the submission of the bills, or claim Plaintiffs failed to mitigate their damages, the circumstances amounting to the demand letters—and the letters themselves—may become relevant and admissible on the basis of impeachment; however, at present, introduction of the demand letters and state court litigation creates a danger of unfair prejudice, confusion of issues, and needless presentation of cumulative evidence. While Plaintiffs may not expressly argue the "threatening" nature of the letters, it is reasonably foreseeable that the jury could reach that conclusion. Accordingly, it is

**ORDERED** and **ADJUDGED** that Plaintiffs shall not introduce evidence of, or allude to in any manner, Defendants' demand letters or state court litigation, unless such evidence becomes admissible on the basis of impeachment, at which time the Court will address the merits of same.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record