UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; ALLSTATE FIRE
AND CASUALTY INSURANCE COMPANY;
and ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY (F/K/A DEERBROOK
INSURANCE COMPANY, SUCCESSOR BY
MERGER TO NORTHBROOK INDEMNITY
COMPANY),

    Plaintiffs,

v.                                           Case No. 8:11-CV-804-EAK-EAJ

SARA C. VIZCAY, M.D.; BEST CARE MEDICAL
CENTER, INC.; CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
(F/K/A DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.; P.V.C.
MEDICAL CENTER, INC.; and REGIONAL
ENTERPRISES FOR HEALTH CORPORATION,

    Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION IN LIMINE WITH RESPECT TO UTILIZING THE TERM "DE FACTO CLINICS" TO REFER TO CALEB, GLOBAL, PERSONAL MEDICAL OR REGIONAL ENTERPRISES

This cause comes before the Court on Defendants' Motion in Limine with Respect to Utilizing the Term "De Facto Clinics" to Refer to Caleb, Global, Personal Medical or Regional Enterprises (the "Motion"), (Doc. # 327), filed April 15, 2013, and Plaintiffs' Response in Opposition, (Doc. # 343), filed April 22, 2013. For the reasons that follow, the Defendants' Motion is **GRANTED**.

## BACKGROUND

The Plaintiffs brought this action against Dr. Vizcay and seven health care clinics to dispute and avoid the payment of No-Fault Personal Injury Protection ("PIP") claims. Plaintiffs argue the PIP payments are not properly payable to the defendant health care clinics. Specifically, Plaintiffs allege the defendants engaged in fraudulent billing practices, in addition to failing to comply with the licensing requirements of the Florida Health Care Clinic Act ("HCCA"). Consequently, according to Allstate, all claims for services performed by the health care clinics in violation of the HCCA are not properly payable. Throughout the course of litigation, Plaintiffs have referred to the defendant health care clinics as "De Facto Clinics," and the collective Defendants have moved in limine to preclude Plaintiffs from using the term "De Facto Clinics" to describe the health care clinics at trial. Defendants argue the use of "De Facto Clinics" has no legal or practical meaning, and further allege the use would serve to inflame the jury at trial and prejudice the Defendants due to the pejorative nature of the term. (Doc. # 327). Plaintiffs defend their use of the term "De Facto Clinics" based on Defendants' lack of objection and use of the term during litigation, as well as Defendants' failure to suggest an alternative, and argue the term is commonly used and indicates Plaintiffs' contention "that the[] clinics in fact, or in actuality, are not what they present themselves to be." (Doc. # 343).

## ANALYSIS

The danger of unfair prejudice and confusion of issues substantially outweigh any probative value stemming from the use of the term "de facto" to describe the clinics subject to this litigation. A court may exclude relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Plaintiffs

dispute whether the clinics comply with the provisions of the HCCA. Essentially, Plaintiffs argue that if the clinics comply with the HCCA, Plaintiffs are likely liable for payment; however, if the clinics do not fall within the HCCA, Plaintiffs are not liable for payment. In their motion, Plaintiffs provide the following definition for the term "de facto:" "used to describe something that exists but that is not officially accepted or recognized." (Doc. # 343) (quoting Merriam Webster Learner's Dictionary). Plaintiffs further provide an accompanying example: "She became the de facto leader of the group. [=she was the unofficial leader][sic]." Id. It is clear from Plaintiffs example—let alone Defendants' arguments in their Motion—the use of the term "de facto" presents a danger of unfair prejudice and could mislead the jury. The crux of this case turns on whether the defendant health care clinics were, in fact, health care clinics according to the HCCA. This determination is for the trier of fact—in this case the jury—and the repetitive use of the term "de facto" would invade the province of the jury's determination. It is not the Defendants' collective responsibility to suggest an alternative means by which the Plaintiffs may refer to the health care clinics; Federal Rule of Evidence 403 bars otherwise admissible evidence, and places no requirement on the moving party to suggest an alternative to the unfairly prejudicial evidence. Accordingly, it is

**ORDERED** and **ADJUDGED** that Plaintiffs, through their attorneys, witnesses, and all other persons or parties called before the jury to testify, are barred from using the term "de facto" to refer to the health care clinics in the presence of the jury.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record