UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; ALLSTATE FIRE
AND CASUALTY INSURANCE COMPANY;
and ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY (F/K/A DEERBROOK
INSURANCE COMPANY, SUCCESSOR BY
MERGER TO NORTHBROOK INDEMNITY
COMPANY),

    Plaintiffs,

v.                                                      Case No. 8:11-CV-804-EAK-EAJ

SARA C. VIZCAY, M.D.; BEST CARE MEDICAL
CENTER, INC.; CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
(F/K/A DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.; P.V.C.
MEDICAL CENTER, INC.; and REGIONAL
ENTERPRISES FOR HEALTH CORPORATION,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFFS' OMNIBUS MOTION IN LIMINE

This cause comes before the Court on Plaintiffs' Omnibus Motion in Limine (the "Motion"), (Doc. # 322), filed April 15, 2013, and Defendants' Response in Opposition, (Doc. # 352), filed May 6, 2013. For the reasons that follow, Plaintiffs' Motion is **GRANTED** in part.

### BACKGROUND

The Plaintiffs brought this action against Dr. Vizcay and seven health care clinics to dispute and avoid the payment of No-Fault Personal Injury Protection ("PIP") claims. Plaintiffs argue the PIP payments are not properly payable to the defendant health care clinics. Specifically, Plaintiffs

allege the Defendants engaged in fraudulent billing practices, in addition to failing to comply with the licensing requirements of the Florida Health Care Clinic Act ("HCCA"). Consequently, according to Allstate, all claims for services performed by the health care clinics in violation of the HCCA are not properly payable. Plaintiffs have moved this Court to preclude Defendants from offering evidence for the following issues: 1) the reasonableness or necessity of the medical bills; 2) Plaintiffs' failure to comply with Florida Statute § 627.736(7)(a); 3) Plaintiffs' allegedly unfair practice of requesting information in order to investigate suspected fraud; 4) Defendants' reliance on the issuance of exemption and licensure from Florida's Agency for Health Care Administration ("ACHA") as conclusive proof of Defendants' compliance with statutes; and 5) improper public policy arguments. (Doc. # 322). Defendants oppose the Motion and requests, and each opposition is discussed in greater detail below.

## ANALYSIS

### 1. Whether the Medical Expenses Were Reasonable or Medically Necessary

Plaintiffs allege the reasonableness or necessity of the medical expenses Defendants billed to Plaintiffs bears no relevance to the ultimate issues of fact, and should not be presented to the jury. (Doc. # 322). Defendants oppose Plaintiffs' request, and contend Plaintiffs' expert Ms. Coleman has offered opinion evidence that the bills were improper, inaccurate, and false, which would directly attack the reasonableness and necessity of the medical expenses. (Doc. # 352). While Plaintiffs' expert disputed the allegedly improper, inaccurate, and false nature of the bills, Plaintiffs have represented to the Court that the only issue for the jury to decide with respect to the bills is whether they were lawfully rendered. (Doc. # 322). This implies Plaintiffs' expert will not opine to the jury the reasonableness or propriety of the bills. To the extent Plaintiffs' expert only opines to the lawful nature of the bills, Plaintiffs' request is **GRANTED**; however, should

Plaintiffs "open the door" by referring or opining to the reasonableness and propriety of the bills, the Court will revisit the issue.

### 2. Whether Compliance with Florida Statute § 627.736(7)(a) is Relevant

Plaintiffs argue their non-compliance with Florida Statute § 627.736(7)(a) is irrelevant and Defendants should be precluded from arguing this defense to the jury. (Doc. # 322). Defendants oppose Plaintiffs' request, and specifically cite the Eleventh Circuit Court of Appeals' unpublished decision in State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Center, Inc., 427 Fed.Appx. 714 (11th Cir. 2011), for the proposition that compliance with Florida Statute § 627.736(7)(a) is required regardless of an insurer's motive for denying or withdrawing payment. (Doc. # 352). While the unpublished opinion in Physicians Injury Care Center is persuasive, the published opinion of State Farm Fire & Cas. Co. v. Silver Star Health and Rehab is binding precedent and instructs that an insurer may deny benefits under Florida Statute § 627.736(5) without reaching whether compliance with Florida Statute § 627.736(7)(a) is mandatory. 739 F.3d 579 (11th Cir. 2013). As noted above, Plaintiffs have represented to the Court that that the only issue for the jury to decide is the lawful nature of the bills. In accord with Silver Star, so long as Plaintiffs do not call into question the legitimacy, appropriateness, or necessity of the bills, and solely focus on the lawful or unlawful nature of the bills, Plaintiffs request is **GRANTED**; however, should Plaintiffs "open the door," the Court will revisit the issue upon Defendants' motion.

### 3. Plaintiffs' Requests for Information

Plaintiffs seek to preclude Defendants from eliciting evidence regarding Plaintiffs' "voluminous" and "harassing" requests for information and documents Plaintiffs already possessed. (Doc. # 322). Defendants oppose this request, and assert the evidence is relevant and probative of Plaintiffs' motivations for the subject litigation. (Doc. # 352). This Court granted

Defendants' Motion in Limine to Prevent Evidence Regarding Demand Letters or State Court Litigation based on the danger of unfair prejudice and confusion of issues, as Defendants argued compliance with a condition precedent should not be used to characterize motive or intent for litigation. (Docs. ## 326, 447). The Court adopts the same reasoning and analysis for Plaintiffs' requests for information. Florida Statute § 627.736(6)(b) authorizes an insurer to request certain information from a medical provider who has treated an insured and seeks PIP benefits. Plaintiffs were entitled to an investigation per the statute, and engaged in same. Plaintiffs' request is **GRANTED**, unless such evidence becomes admissible on the basis of impeachment, at which time the Court will address the merits of same.

### 4. AHCA's Findings with Respect to the Health Care Clinics

Plaintiffss urge the Court to prevent Defendants from introducing evidence of AHCA's issuance of licenses and exemptions for the various Defendants. (Doc. # 322). Defendants oppose this request, and cite the statutory scheme for which AHCA determines licensure and exemptions, and further argue the introduction of this evidence does not invade the province of the trier of fact. (Doc. # 352). As Plaintiffs point out in their Motion, this Court has the "sound discretion" to decide whether the determination by a governmental agency is admissible as evidence. (Doc. # 322). Plaintiffs have attacked the lawful nature of the Defendants' respective exemptions and licensure applications and statuses. Plaintiffs impliedly assert that Defendants somehow defrauded the ACHA and circumvented the exemption and licensure requirements, as detailed in their Motion. To preclude the introduction of the AHCA's licensure and exemption of the respective Defendants would result in unfair prejudice to the Defendants—a juror could reasonably and foreseeably conclude that the Defendants were operating rogue, unlicensed clinics. Plaintiffs' request is **DENIED**; however, Plaintiffs may move this Court for a curative instruction.

### 5. Public Policy Arguments

Plaintiffs argue the Court must prevent Defendants from making public policy arguments—specifically that this lawsuit will negatively impact insureds, and interfere with the integrity and independence of Florida's agencies. (Doc. # 322). Defendants concede these arguments will not manifest to the jury absent Plaintiffs first addressing the public policy arguments. (Doc. # 352). Therefore, Plaintiffs' request is **GRANTED**, and neither Plaintiffs nor Defendants shall make any public policy arguments before the jury with respect to the impact of this lawsuit on insureds' interests or the integrity and independence of Florida's agencies.

### 6. Limitation on Defendants' Expert's Testimony

Plaintiffs assert Defendants' expert Randall Woodruff's testimony must be limited solely to the opinions explicitly contained within the expert disclosures. (Doc. # 322). Defendants concede the expert's testimony will not expand beyond the opinions contained in his disclosure. (Doc. # 352). Therefore, Plaintiffs' request is **GRANTED**, and Defendants shall not elicit testimony from their expert not contained in the expert disclosures. Should the Defendants anticipate rebuttal testimony outside the confines of the expert's report, the Defendants shall bring this proposed testimony to the attention of the Court outside the presence of the jury for determination on the merits.

### 7. Defendant Vizcay's Age

Plaintiffs argue Defendant Vizcay's age bears no relevance on the issues at trial, and Defendants' concentration on Defendant Vizcay's age would unfairly prejudice Plaintiffs' interests at trial. (Doc. # 322). Defendants oppose this request, and assert Defendant Vizcay's age will be readily apparent to the jury, as Defendant Vizcay will be present for the proceedings and her testimony, and that Defendant Vizcay's capacity to engage in a fraudulent scheme is directly

at issue based on Plaintiffs' causes of action for intentional torts. (Doc. # 352). Defendants have presented a valid basis for which Defendant Vizcay's age is relevant and directly related to a triable issue of fact—namely Defendant Vizcay's capacity to engage in the allegedly fraudulent scheme; however, Plaintiffs request is **GRANTED** insofar as Defendant Vizcay's age is used merely to garner sympathy and not directly related to an element of the causes of action or defenses thereto.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiffs' Omnibus Motion in Limine is **GRANTED** in part. Defendants are precluded from:

1. Eliciting evidence of the reasonableness or medical necessity of the bills;

2. Eliciting evidence of Plaintiffs' non-compliance with Florida Statute § 627.736(7)(a);

3. Eliciting evidence of Plaintiffs' information requests, unless such evidence becomes admissible on the basis of impeachment, at which time the Court will address the merits of same.

4. Advancing public policy arguments that the subject lawsuit will negatively impact inusreds or interfere with the integrity of Florida's agencies; and

5. Referencing Defendant Vizcay's age when not directly related to an element of the causes of action or defenses thereto.

The remainder of Plaintiffs' Motion is **DENIED** to the extent discussed above.

It is **FURTHER ORDERED** and **ADJUDGED** that Plaintiffs shall not:

1. Elicit testimony regarding the reasonableness or propriety of the medical bills;

2. Advance public policy arguments that the subject lawsuit will negatively impact insureds or interfere with the integrity of Florida's agencies;

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record