UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; ALLSTATE FIRE
AND CASUALTY INSURANCE COMPANY;
and ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY (F/K/A DEERBROOK
INSURANCE COMPANY, SUCCESSOR BY
MERGER TO NORTHBROOK INDEMNITY
COMPANY),

     Plaintiffs,

v.                                     Case No. 8:11-CV-804-EAK-EAJ

SARA C. VIZCAY, M.D.; BEST CARE MEDICAL
CENTER, INC.; CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
(F/K/A DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.; P.V.C.
MEDICAL CENTER, INC.; and REGIONAL
ENTERPRISES FOR HEALTH CORPORATION,

     Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR SEPARATE TRIALS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42

This cause comes before the Court on Defendants', Best Care Medical Center, Inc.,

Florida Rehabilitation Practice, Inc. (f/k/a Dana Medical Center, Inc.), and P.V.C. Medical

Center, Inc. (the "moving Defendants") Motion for Separate Trials Pursuant to Federal Rule of

Civil Procedure 42 ("Motion"), (Doc. # 459), filed April 4, 2014. The Court, sua sponte, finds

no merit to the Motion, and hereby **DENIES** the Motion **with prejudice**.

1

## PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint April 12, 2011—nearly three years prior to the date of this Order. (Doc. # 1). Counsel for the moving Defendants filed her notice of appearance May 2, 2012—nearly two years prior to the date of this Order. (Doc. # 92). The Court notes the Defendants were continually and ably represented since May 2, 2011. (Doc. # 5). On July 25, 2012, Plaintiffs moved for a continuance of this trial. (Doc. # 148). The Court extended discovery, expert disclosure, mediations, and dispositive motion deadlines, and also continued the trial to May 6, 2013. (Doc. # 155).

On October 2, 2012, Defendants filed their first Motion to Bifurcate Trials, (Doc. # 186), to which Plaintiffs replied October 16, 2012. (Doc. # 200). On November 16, 2012, the Court denied the Defendants' Motion to Bifurcate Trials, finding Plaintiffs' reply persuasive. (Doc. # 222). On April 1, 2013, Plaintiffs moved for a continuance of the May 6, 2013, trial, (Doc. # 312), which Defendants opposed, (Doc. # 317), and the Court rescheduled for October 7, 2013. (Doc. # 380). On October 9, 2013, the trial was continued and rescheduled for February 3, 2014. (Docs. ## 399, 409).

On January 23, 2014, Plaintiffs and Defendants moved this Court to continue the trial for a fourth trial date, (Doc. # 411), which the Court granted January 27, 2014, and reset the trial for April 7, 2014. (Doc. # 412). In the order, the Court specifically advised and warned the parties there would be no further continuances, id., which was affirmed in an order advising of the trial calendar on March 24, 2014. (Doc. # 429).

On March 24, 2014, the Court noticed the parties for a Status Conference set for March 27, 2014, at 2:00 PM, (Doc. # 428), which the parties jointly requested to be rescheduled for April 1, 2014, at 2:00 PM, (Doc. # 432), and the Court granted. (Doc. # 433). On March 31,

2014, the Court ruled on all outstanding motions in limine, including an Order Granting

Defendants' Motion in Limine With Respect to Evidence and Cross Examination of Unrelated

Criminal Charges Against Norge Romero or Other Witnesses. (Doc. # 446).

On April 1, 2014, the Court conducted the noticed and rescheduled Status Conference,

and addressed specific issues with respect to potential Fifth Amendment implications, the use of

a court-authorized interpreter, Plaintiffs' objection to the split defense teams between the

"wholly owned clinics" and the clinics Defendant Vizcay supervised as a medical director,

computer and cell phone usage, proposed jury instructions regarding the term "wholly owned,"

and the Plaintiffs' contention of civil conspiracy and the Defendants' objection thereto. At the

conclusion of the hearing, the Court addressed attorneys for all parties and inquired whether

there were any outstanding issues before trial could commence. Attorneys for the Plaintiffs

advised there were no outstanding issues at the conclusion of the Status Conference. Attorneys

for the "wholly owned" Defendants and Defendant Vizcay advised there were no outstanding

issues at the conclusion of the Status Conference. Finally, attorneys for the moving Defendants

advised there were no outstanding issues at the conclusion of the Status Conference.

On April 4, 2014—*on the eve of the trial*—the moving Defendants have moved this

Court again to bifurcate the trial. As their bases, the moving Defendants allege a lack of

bifurcation would result in confusion of the issues, Norge Romero's and other witnesses'

invocation of the Fifth Amendment would be unfairly prejudicial testimony, and the prejudicial

nature of submitting the claims "en masse" to a jury.

## ANALYSIS

Federal Rule of Civil Procedure 42(b) provides the Court permissive, but not mandatory,

authority to bifurcate the trial. The Defendants have not submitted any new bases addressing a

purpose for which the Court should grant a bifurcation, and the Court finds Plaintiffs' former bases for denying this Motion as persuasive today as it did nearly eighteen months ago.  The parties were warned well in advance this trial would proceed April 7, 2014, and that no continuances would be granted—either directly or through a procedure such as what Defendants propose here.  Accordingly, it is

ORDERED and ADJUDGED that the moving Defendants Motion is DENIED with PREJUDICE.  This trial will proceed April 7, 2014, at 10:00 AM.

DONE and ORDERED in Chambers, in Tampa, Florida, this 4th day of April, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record