UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; ALLSTATE FIRE
AND CASUALTY INSURANCE COMPANY;
and ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY (F/K/A DEERBROOK
INSURANCE COMPANY, SUCCESSOR BY
MERGER TO NORTHBROOK INDEMNITY
COMPANY),

    Plaintiffs,

v.   Case No. 8:11-CV-804-EAK-EAJ

SARA C. VIZCAY, M.D.; BEST CARE MEDICAL
CENTER, INC.; CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
(F/K/A DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.; P.V.C.
MEDICAL CENTER, INC.; and REGIONAL
ENTERPRISES FOR HEALTH CORPORATION,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants', Best Care Medical Center, Inc., Florida Rehabilitation Practice, Inc., and P.V.C. Medical Center, Inc. (the "Medical Director Clinics"), Motion to Strike and/or Limit Testimony of Connie Coleman, (Doc. # 484), Defendants', Caleb Health Care, Inc., Global Diagnostic Center, Inc., Personal Medical Center, Inc., Regional Enterprises for Health Corporation (the "Wholly Owned Clinics"), and Sara C. Vizcay, Motion to Strike Connie Coleman, (Doc. # 488), and Plaintiffs Response in Opposition. (Doc. # 487). For the reasons stated below, the Defendants' Motions are **DENIED**.

## BACKGROUND

The Plaintiffs brought this action against Dr. Vizcay and seven health care clinics to dispute and avoid the payment of No-Fault Personal Injury Protection ("PIP") claims. Plaintiffs argue the PIP payments are not properly payable to the defendant health care clinics. Specifically, Plaintiffs allege the Defendants engaged in fraudulent billing practices, in addition to failing to comply with the licensing requirements of the Florida Health Care Clinic Act ("HCCA"). Consequently, according to Allstate, all claims for services performed by the health care clinics in violation of the HCCA are not properly payable. The Medical Director Clinics seek to preclude Allstate's expert Connie Coleman from testifying on the grounds that Ms. Coleman's testimony will not aid the trier of fact on a material issue; Allstate has not provided any information upon which it relied to make or deny payments to the Defendants, and, therefore, Ms. Coleman's testimony regarding allegedly fraudulent billing procedures does not assist the triers of fact. (Doc. # 484). The Wholly Owned Clinics adopted this argument. (Doc. # 488). Plaintiffs oppose the Motion, and contend Ms. Coleman's testimony will assist the jury to determine whether the bills were unlawful or fraudulent. (Doc. # 487).

## ANALYSIS

Among their causes of action, Plaintiffs have alleged the collective Defendants were unjustly enriched. (Doc. # 1). Under Florida law, Plaintiffs may recover past, and avoid future, payments that were not lawful. Fla. Stat. § 627.736(5)(b)(1)(b). Ms. Coleman's testimony addresses the lawfulness of the bills. Accordingly, Ms. Coleman's testimony may assist the triers of fact to determine the lawfulness of the bills, and Plaintiffs have met the burden of demonstrating Ms. Coleman's specialized knowledge will assist the triers of fact in determining the issue of unjust enrichment. See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999); Daubert v. Merrell

Dow Pharm., Inc., 509 U.S. 579, 592 (1993); Federal Rule of Evidence 702.  The probative value of this testimony is not substantially outweighed by any unfair prejudice.  Accordingly, it is

**ORDERED** and **ADJUDGED** that Defendants' Motions are **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of April, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record