UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; ALLSTATE FIRE
AND CASUALTY INSURANCE COMPANY;
and ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY (F/K/A DEERBROOK
INSURANCE COMPANY, SUCCESSOR BY
MERGER TO NORTHBROOK INDEMNITY
COMPANY),

    Plaintiffs,

v.                                                     Case No. 8:11-CV-804-EAK-EAJ

SARA C. VIZCAY, M.D.; BEST CARE MEDICAL
CENTER, INC.; CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
(F/K/A DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.; P.V.C.
MEDICAL CENTER, INC.; and REGIONAL
ENTERPRISES FOR HEALTH CORPORATION,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants', Best Care Medical Center, Inc., Florida Rehabilitation Practice, Inc., and P.V.C. Medical Center, Inc. (the "Medical Director Clinics"), Rule 50(a) Motion for Judgment as a Matter of Law, (Doc. # 484), and oral motion for judgment as a matter of law, Defendants', Caleb Health Care, Inc., Global Diagnostic Center, Inc., Personal Medical Center, Inc., Regional Enterprises for Health Corporation (the "Wholly Owned Clinics"), and Sara C. Vizcay, oral motions for judgment as a matter of law, and Plaintiffs' oral motion for judgment as a matter of law.

## BACKGROUND

The Plaintiffs brought this action against Dr. Vizcay and seven health care clinics to dispute and avoid the payment of No-Fault Personal Injury Protection ("PIP") claims. Plaintiffs argue the PIP payments are not properly payable to the defendant health care clinics. Specifically, Plaintiffs allege the Defendants engaged in fraudulent billing practices, in addition to failing to comply with the licensing requirements of the Florida Health Care Clinic Act ("HCCA"). Consequently, according to Allstate, all claims for services performed by the health care clinics in violation of the HCCA are not properly payable. During the appropriate times at trial, the parties moved for judgments as a matter of law, and this Court deferred ruling. On April 18, 2014, the Court held oral argument on the following issues after the parties submitted their respective motions.

I. **The Medical Directors Clinics**

   1. **Can the Medical Director Clinics be Held Liable for Sara C. Vizcay's Alleged Failure to Comply with Florida Statute § 400.9935(1)(G)?**

Defendants argue that after they appointed Sara C. Vizcay the medical director of the Medical Director Clinics, any liability under the HCCA ceased, as Florida Statute 400.9935(1) only requires the clinics to appoint a medical director, and the HCCA does not require the clinics to ensure the medical director substantially comply with the requirements of the HCCA. Plaintiffs oppose this argument, and contend the clinics can ultimately be held liable, as the bills were allegedly fraudulent. Consistent with State Farm Fire & Casualty Company v. Silver Star Health & Rehab, 739 F.3d 579, 583 (11th Cir. 2013), State Farm Mutual Auto Insurance Company v. Altamonte Springs Diagnostic Imaging, Inc., 2011 WL 6450769 (M.D. Fla. 2011), and Active Spine Centers, LLC v. State Farm Fire & Casualty Company, 911 So.2d 241 (Fla. 3d DCA 2005), the clinics can be held liable for fraudulent or unlawful bills. Accordingly, this request is **DENIED**.

2. **Does the Court Have Subject Matter Jurisdiction or Violate Separation of Powers if an Administrative Finding from the Florida Agency for Health Care Administration Determined that Defendants Were in Substantial Compliance with the HCCA Requirements?**

Defendants next argue that because the Florida Agency for Health Care Administration ("AHCA")—an executive body—determined the Medical Director Clinics were in substantial compliance with the HCCA, any finding from the judiciary, including a jury verdict, would violate the separation of powers under Article II, Section 3, of the Florida Constitution. Plaintiffs oppose this argument, and contend Allstate and other entities have a private right of action to recover payments for otherwise unlawful bills. Consistent with Silver Star, Altamonte Springs, and Active Spine, this Court finds it has subject matter jurisdiction, and the HCCA provides a private right of enforcement. Accordingly, this request is **DENIED**.

3. **Have Plaintiffs Presented Sufficient Evidence at Trial to Prove Negligent Misrepresentation and Fraud?**

Defendants next argue Plaintiffs failed to present sufficient evidence at trial to prove negligent misrepresentation and fraud against the Medical Director Clinics; specifically: 1) Sara C. Vizcay accepted sole responsibility for complying with the HCCA; 2) Plaintiffs did not present evidence that Sara C. Vizcay failed to comply with her duties; and 3) Plaintiffs did not present any evidence that the Medical Director Clinics made any misrepresentations. Plaintiffs oppose this argument, and respectively contend: 1) courts have found the clinics liable for a director's failure to comply with the HCCA; 2) by submitting the bills and responding to 6(b) requests, the Medical Director Clinics represented the bills were lawful; and 3) Sara C. Vizcay testified she did not know the number of patients seen at each clinic, and even admitted during testimony that she may not have reviewed the bills as closely as she should have. The Court agrees with Plaintiffs' recitation of the evidence adduced at trial, and application thereof, and finds the evidence was sufficient to submit the claim to the jury. Accordingly, this request is **DENIED**.

### 4. Have Plaintiffs Presented Sufficient Evidence at Trial to Prove Unjust Enrichment?

Defendants next argue Plaintiffs failed to present sufficient evidence at trial to prove unjust enrichment against the Medical Director Clinics; specifically: 1) Plaintiffs did not identify a single bill that was unlawful or in violation of any Florida Statute; and 2) Plaintiffs failed to introduce any evidence to suggest the Medical Director Clinics had any requisite knowledge that the bills were unlawful. Plaintiffs oppose this argument, and contend Sara C. Vizcay's testimony was clear that she did not review the bills as closely as she should have, the reviews were insufficient to comply with the "systematic review" requirement, and based on these deficiencies, the Medical Director Clinics received a benefit they otherwise should not have received. The Court agrees with Plaintiffs' recitation of the evidence and accompanying case law, and finds the evidence was sufficient to submit the claim to the jury. Accordingly, this request is **DENIED**.

### 5. Are Plaintiffs Claims or Damages Subject to the Statute of Limitations, and if so, Which Claims or Damages are Barred?

On April 22, 2014, the parties were instructed to file substantive memorandum of law on this issue on or before April 28, 2014. The Court reserves ruling on the statute of limitations, and will issue an order on same after the parties comply with the Court's instructions.

### 6. Can Plaintiffs Recover Monetary Damages for Unpaid Claims?

At oral argument on April 18, 2014, Plaintiffs conceded they may not recover monetary damages for unpaid claims. Accordingly, this request is **GRANTED**.

### 7. Have Plaintiffs Presented Sufficient Evidence at Trial to Prove Count VI?

Defendants reincorporate their previous arguments and next argue Plaintiffs failed to present sufficient evidence at trial to prove Count VI of their Complaint—declaratory relief for Sara C. Vizcay's failure to comply with her medical director duties. Plaintiffs reincorporate their arguments and contend the evidence was sufficient. Consistent with the analysis above, this Court

finds Plaintiffs presented sufficient evidence at trial to submit Count VI of the Complaint to a jury. Accordingly, consistent with previous rulings, this request is **DENIED**.

### 8. Have Plaintiffs Presented Sufficient Evidence at Trial to Prove Kickbacks and Fee-Split Agreements?

Prior to the jury receiving the charge and jury instructions, the Court orally ruled Plaintiffs failed to present sufficient evidence to prove kickbacks and fee-split agreements, and declined to present the instruction to the jury. Consistent with the Court's ruling, this request is **GRANTED**.

### 9. May Plaintiffs Recover without Complying with Florida Statute § 627.736(7)(a)?

Defendants next argue Plaintiffs may not recover due to their failure to comply with Florida Statute § 627.736(7)(a)—Plaintiffs failed to obtain a medical report or investigate the claims prior to withholding PIP benefits and payments to the Medical Director Clinics. Plaintiffs oppose this argument, and contend Florida Statute § 627.736(5) renders the bills unlawful per se, and therefore the § 627.736(7)(a) requirement is inapplicable. In accord with Eleventh Circuit Rule 36-2, the Court finds State Farm Mutual Auto Insurance Company v. Williams, 2014 WL 1465726 (11th Cir. 2014) persuasive. Accordingly, this request is **DENIED**.

### 10. Have Plaintiffs Presented Sufficient Evidence to Prove Civil Conspiracy?

Prior to the jury receiving the charge and jury instructions, the Court orally denied Plaintiffs Federal Rule of Civil Procedure 15(b) Motion to Allege Civil Conspiracy, and did not instruct the jury on civil conspiracy. Consistent with the Court's ruling, this request is **GRANTED**.

## II. The Wholly Owned Clinics

### 1. Does the Court Have Subject Matter Jurisdiction or Violate Separation of Powers if an Administrative Finding from the Florida Agency for Health Care Administration Determined that Defendants Were in Substantial Compliance with the HCCA Requirements?

Consistent with the Court's ruling above in Section I-2, this request is **DENIED**.

### 2. Have Plaintiffs Presented Sufficient Evidence at Trial to Prove Negligent Misrepresentation and Fraud?

At oral argument on April 18, 2014, the Wholly Owned Clinics Defendants adopted the Medical Director Clinics' arguments with respect to negligent misrepresentation and fraud, and further argued Plaintiffs failed to present sufficient evidence at trial to prove negligent misrepresentation and common law fraud. Plaintiffs similarly oppose this argument, and contend the Wholly Owned Clinics and Sara C. Vizcay made representations that Sara C. Vizcay both owned the clinics and supervised the business activities at each clinic. The Court agrees with Plaintiffs' recitation of the evidence adduced at trial and application thereof, and finds the evidence was sufficient to submit the claim to the jury. Accordingly, this request is **DENIED**.

### 3. Have Plaintiffs Presented Sufficient Evidence at Trial to Prove Unjust Enrichment Against Sara C. Vizcay?

At oral argument on April 18, 2014, the Wholly Owned Clinics Defendants adopted the Medical Director Clinics' arguments with respect to unjust enrichment, and further argued Plaintiffs failed to present any evidence that Sara C. Vizcay received any payments. Plaintiffs oppose this argument, and contend an indirect benefit—for instance free rent, office space, and salary, among other evidence presented at trial—is sufficient. Florida law is clear: unjust enrichment requires the benefit be direct to the litigant—in this case Sara C. Vizcay. Kopel v. Kopel, 117 So.3d 1147 (Fla. 3d DCA 2013). Therefore, as Plaintiffs conceded the benefit proved at trial was indirect, this request is **GRANTED** and the jury's determination of guilt against Sara C. Vizcay for unjust enrichment is **VACATED**.

4. **Are Plaintiffs Claims or Damages Subject to the Statute of Limitations, and if so, Which Claims or Damages are Barred?**

On April 22, 2014, the parties were instructed to file substantive memorandum of law on this issue on or before April 28, 2014. The Court reserves ruling on the statute of limitations, and will issue an order on same after the parties comply with the Court's instructions.

5. **Does Florida Statute § 400.9905(4)(g) Require Sara C. Vizcay to Supervise the Business Activities at the Wholly Owned Clinics?**

On April 9, 2014, this Court ruled Florida Statute § 400.9905(4)(g) required Sara C. Vizcay to not only wholly own, but also supervise the business activities at the Wholly Owned Clinics. (Doc. # 478). Consistent with that order, this request is **DENIED**.

6. **Have Plaintiffs Presented Sufficient Evidence at Trial to Prove Kickbacks and Fee-Split Agreements?**

Consistent with the Court's ruling above in Section I-8, this request is **GRANTED**.

7. **May Plaintiffs Recover without Complying with Florida Statute § 627.736(7)(a)?**

Consistent with the Court's ruling above in Section I-9, this request is **DENIED**.

8. **Have Plaintiffs Presented Sufficient Evidence to Prove Civil Conspiracy?**

Consistent with the Court's ruling above in Section I-10, this request is **GRANTED**.

III. The Plaintiffs

1. **Are Plaintiffs Entitled to a Directed Verdict as to Whether Sara C. Vizcay Wholly Owned and Supervised the Wholly Owned Clinics?**

Plaintiffs argue Sara C. Vizcay testified she "had no reason to supervise" the clinics because she "was just a doctor." Defendants oppose this argument, and contend there was sufficient evidence for the jury to make this determination. The Court agrees with Defendants' recitation of the evidence adduced at trial and application thereof, and finds the evidence was sufficient to submit the determination to the jury. Accordingly, this request is **DENIED**.

**2. Are Plaintiffs Entitled to a Directed Verdict as to Whether Sara C. Vizcay Systematically Reviewed the Medical Bills?**

Plaintiffs next argue Sara C. Vizcay testified her reviews of the medical bills at the Medical Director Clinics was "random," and that a representative from AHCA testified that random reviews were not systematic. Defendants oppose this argument, and contend there was sufficient evidence for the jury to make this determination. The Court agrees with Defendants' recitation of the evidence adduced at trial and application thereof, and finds the evidence was sufficient to submit the determination to the jury. Accordingly, this request is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23d day of April, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record