UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY,
et al.,

                                                                                                           Case No.: 8:11-cv-804-T-17EAJ

        Plaintiffs,
vs.

SARA C. VIZCAY, M.D., et al,

        Defendants.
_____/

### ALLSTATE'S MOTION FOR DECLARATORY JUDGMENT AS TO COUNTS IV, V, VI, and VII

Plaintiffs, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate Vehicle and Property Insurance Company (f/k/a Deerbrook Insurance Company, successor by merger to Northbrook Indemnity Company), (hereafter collectively "Allstate"), by and through their undersigned counsel and pursuant to Rule 57, Fed. R. Civ. P., hereby move this Court for entry of an order granting their motion for declaratory judgment and for entry of declaratory judgment in Allstate's favor and against Defendant Clinics as to Counts IV (de facto ownership/violation of Florida statutes § 400.990, et sec.); V (violation of Florida Statutes § 460.4167 regarding chiropractic clinics utilization of chiropractors);  VI (failure to comply with medical director duties/violation of Florida statutes §§ 400.9935 and 627.736 regarding the medical director clinics);

1

and VII (violation of unlawful fee split arrangement and Florida Statutes §§ 456.054, 458.331, 627.736 and 817.505). In support of this motion, Allstate states as follows:

1. Allstate commenced this action on April 12, 2011, by the filing of a seven-count Complaint in this Court against Defendant, Sara C. Vizcay, M.D., and seven medical clinic Defendants, Best Care Medical Center, Inc. ("Best Care"), Caleb Health Care, Inc. ("Caleb"), Florida Rehabilitation Practice, Inc. f/k/a Dana Medical Center, Inc. ("Florida Rehab"), Global Diagnostic Center, Inc. ("Global"), Personal Medical Center, Inc. ("Personal Medical"), P.V.C. Medical Center, Inc. ("P.V.C."), and Regional Enterprises for Health Corporation ("Regional"). (Doc. 1).

2. By the Complaint, Allstate sought money damages for the PIP payments made by Allstate to the Defendants which payments were not properly payable pursuant to the following alternative theories: negligent misrepresentation (Count I), common law fraud (Count II), and unjust enrichment (Count III).

3. Allstate's Complaint also sought declaratory relief in Count IV against Caleb, Global, Personal Medical and Regional (hereinafter collectively the "ownership clinics"); Count V against Best Care, Caleb, Florida Rehab, Global, P.V.C., and Regional (hereinafter the "chiropractor clinics"); Count VI against Best Care, Florida Rehab, and P.V.C. (hereinafter collectively the "medical director clinics"); and Count VII against all Defendant Clinics, wherein Allstate requested the Court deem the bills submitted to Allstate by the

2

Defendants, but that had not been paid, to be noncompensable and find that Allstate was not legally obligated to pay those bills.

4. Prior to the trial and pursuant to Allstate's demand for jury trial, it was determined that the issues raised in Counts I, II, and III would be tried to a jury. As to Count V of the Complaint (Declaratory Relief as to Violation of Florida Statute § 460.4167 Regarding Chiropractic Clinics Utilization of Chiropractors), the parties stipulated and agreed pre-trial that Count V rose and fell with the jury's determinations regarding compliance with medical director duties and the ownership issue, so there was no need to pose any additional questions for the jury's determination on Count V. (Doc. 466). It was determined that the Court would decide the declaratory counts (Counts IV-VII) post-verdict in accordance with how the jury answered certain interrogatory verdict questions. *See* (Doc. 452 at 20).

5. This action was tried before a jury over ten days: April 7-10, 14-17, 21-22, 2014.

6. During the trial, the Court permitted Allstate to amend their Complaint to conform to the evidence. *See* (Doc. 482, 483, 486). The Counts of the Amended Complaint remained the same as the initial Complaint.

7. The jury rendered its verdicts on April 22, 2014. (Docs. 510-517).

8. As to Defendant Vizcay, the jury found in favor of Allstate and against Sara C. Vizcay, M.D., on Plaintiffs' claims of negligent misrepresentation, fraud, and unjust enrichment as to each of the seven clinics.[1] (Doc. 510).

---

[1] After the verdict, the court granted Defendant Vizcay's oral motion for directed verdict as to the unjust enrichment claim and vacated the jury's determination of guilt against Sara C. Vizcay for

3

9. As to Defendant, Best Care Medical Center, Inc., the jury found in favor of Allstate and against Best Care on Plaintiffs' claims of negligent misrepresentation, fraud, and unjust enrichment and further found that Sara C. Vizcay failed to substantially comply with her statutory medical director duties to systematically review bills for Best Care to ensure the bills were not fraudulent or unlawful. (Doc. 511).

10. As to Defendant Caleb Health Care, Inc., the jury found in favor of Allstate and against Caleb on Plaintiffs' claims of negligent misrepresentation, fraud, and unjust enrichment and further found that Sara C. Vizcay did not wholly own Caleb Health Care, Inc. (Doc. 512).

11. As to Defendant, Florida Rehabilitation Practice, Inc. (f/k/a Dana Medical Center, Inc.) the jury found in favor of Allstate and against Florida Rehabilitation/Dana on Plaintiffs' claims of negligent misrepresentation, fraud, and unjust enrichment and further found that Sara C. Vizcay failed to substantially comply with her statutory medical director duties to systematically review bills for Florida Rehabilitation Practice, Inc. to ensure the bills were not fraudulent or unlawful. (Doc. 513).

12. As to Defendant Global Diagnostic Center, Inc., the jury found in favor of Allstate and against Global on Plaintiffs' claims of negligent misrepresentation, fraud, and unjust enrichment and further found that Sara C. Vizcay did not wholly own Global Diagnostic Center, Inc. (Doc. 514).

---

unjust enrichment. *See* (Doc. 526 at 6). Allstate has filed a motion requesting the Court reconsider its ruling in this regard. (Doc. 531).

13.     As to Personal Medical Center, Inc., the jury found in favor of Allstate and against Personal Medical on Plaintiffs' claims of negligent misrepresentation, fraud, and unjust enrichment and further found that Sara C. Vizcay did not wholly own Personal Medical Center, Inc.  (Doc. 515).

14.     As to P.V.C. Medical Center, Inc. the jury found in favor of Allstate and against P.V.C. on Plaintiffs' claims of negligent misrepresentation, fraud, and unjust enrichment and further found that Sara C. Vizcay failed to substantially comply with her statutory medical director duties to systematically review bills for P.V.C. to ensure the bills were not fraudulent or unlawful.  (Doc. 516).

15.     As to Regional Enterprises for Health Corporation, the jury found in favor of Allstate and against Regional on Plaintiffs' claims of negligent misrepresentation, fraud, and unjust enrichment and further found that Sara C. Vizcay did not wholly own Regional Enterprises for Health Corporation.  (Doc. 517).

16.     Pursuant to the jury's verdicts finding in favor of Allstate on Counts I, II, and III, the Clerk may enter money judgments, with the Court's approval, in favor of Allstate and against Vizcay and the Clinic Defendants in accordance with Rule 58, Fed. R. Civ. P.

17.     In the parties' pre-trial stipulations, the parties, in essence, agreed that the Court will use the jury's factual findings on (1) ownership and (2) compliance with statutory medical director duties to rule on Allstate's declaratory judgment counts.  (Counts IV-VII) (Doc. 452 at 20).

18. Although the Court did not permit the issue of Count VII (violation of kickback statute) to go to the jury (Doc. 526), given the jury's answers to the interrogatory verdict on ownership and compliance with statutory duties along with the other evidence introduced at trial, Allstate submits the Court may enter declaratory judgment in Allstate's favor as a matter of law on Count VII.  The jury found that Vizcay did not wholly own the ownership clinics and further found that she did not comply with her statutory duties of ensuring that the bills submitted by the medical director clinics were not fraudulent or unlawful.  Thus, she was lending her professional credentials to be identified as the owner "in name only" of the ownership clinics, and was lending her credentials to be the medical director "in name only" to the medical director clinics (without doing any of those activities of supervision and oversight that a true owner or medical director would do) which allowed the Ownership Clinics and Medical Director Clinics to stay in business (and continue to fraudulently bill insurance carriers such as Allstate) even though the Clinics would not be able to continue to lawfully operate due to the change in the Health Care Clinic laws.  In exchange for lending her professional credentials, she got a never-ending supply of patients.   In pertinent part, Fla. Stat § 817.505, (Fraudulent practices; Patient brokering prohibited; exceptions; penalties), prohibits the following kickback, fee-split arrangements:

> (1) It is unlawful for any person, including any health care provider or health care facility, to:
>
>> (a) Offer or pay any commission, bonus, rebate, kickback, or bribe, directly or indirectly, in cash or in kind, or engage in any split-fee arrangement, in any form whatsoever, to

6

      induce the referral of patients or patronage to or from a health care provider or health care facility;

      (b) Solicit or receive any commission, bonus, rebate, kickback, or bribe, directly or indirectly, in cash or in kind, or engage in any split-fee arrangement, in any form whatsoever, in return for referring patients or patronage to or from a health care provider or health care facility; or

      . . .

      (d) Aid, abet, advise, or otherwise participate in the conduct prohibited under paragraph (a), paragraph (b), or paragraph (c).

By lending her credentials, while turning a blind eye to the fraudulent use of her credentials and also actively participating in the fraudulent billing practices, Vizcay aided, abetted and otherwise participated in the unlawful kickback scheme whereby she lent her credentials (i.e., an "in kind" kickback) that allowed the Clinics to continue to operate, whereby she got a continual referral of patients. The scheme continued as she would prescribe additional therapies which led to additional billing of insurance carriers under PIP policies of insurance which payments she and the Clinics would split.[2] Thus, the jury's determination that she did not wholly own the ownership clinics and did not comply with her statutory duties regarding the medical director clinics are sufficient factual findings, along with the other evidence introduced at trial, for the Court to make a legal finding of the Defendants' violation of the anti-kickback/fee split statutes as a matter of law.

      19. Thus, the following questions remain for declaration in Count IV of this action:

---

[2] There is no requirement that the "split" be even as evidenced by the Silver Star's verdict and findings of unjust enrichment by Dr. McKenzie vis a vis Silver Star. *See, e.g.* Exhibit A (the Verdict from *Silver Star*).

(a) Whether the bills submitted by Caleb to Allstate, but that have not been paid, are deemed noncompensable such that Allstate is not legally obligated to pay them if it is determined that Caleb is not wholly owned by Sara C. Vizcay, M.D.;

(b) Whether the bills submitted by Global to Allstate, but that have not been paid, are deemed noncompensable such that Allstate is not legally obligated to pay them if it is determined that Global is not wholly owned by Sara C. Vizcay, M.D.;

(c) Whether the bills submitted by Personal Medical to Allstate, but that have not been paid, are deemed noncompensable such that Allstate is not legally obligated to pay them if it is determined that Personal Medical is not wholly owned by Sara C. Vizcay, M.D.; and

(d) Whether the bills submitted by Regional to Allstate, but that have not been paid, are deemed noncompensable such that Allstate is not legally obligated to pay them if it is determined that Regional is not wholly owned by Sara C. Vizcay, M.D.

20. Based upon the jury's verdict that Sara C. Vizcay, M.D., did not wholly own Defendants, Caleb Health Care, Inc., Global Diagnostic Center, Inc., Personal Medical Center, Inc., and Regional Enterprises for Health Corporation, along with the evidence introduced at trial, the questions in paragraph 19 above should be answered in the affirmative and the Court should grant the instant motion and enter a final declaratory judgment in favor of Allstate and against Caleb, Global, Personal Medical, and Regional as to Count IV.

21. The following questions remain for declaration in Count VI of this action:

(a) Whether the bills submitted by Best Care to Allstate, but that have not been paid, are deemed noncompensable such that Allstate is not legally obligated to pay them if it is determined that Sara C. Vizcay, M.D. failed to substantially comply with her statutory medical director duties to systematically review bills for Best Care to ensure the bills were not fraudulent or unlawful;

(b) Whether the bills submitted by Florida Rehabilitation/Dana to Allstate, but that have not been paid, are deemed noncompensable such that Allstate is not legally obligated to pay them if it is determined that Sara C. Vizcay, M.D. failed to substantially comply with her statutory medical director duties to systematically review bills for Florida Rehabilitation/Dana to ensure the bills were not fraudulent or unlawful; and

(c) Whether the bills submitted by P.V.C. to Allstate, but that have not been paid, are deemed noncompensable such that Allstate is not legally obligated to pay them if it is determined that Sara C. Vizcay, M.D. failed to substantially comply with her statutory medical director duties to systematically review bills for P.V.C. to ensure the bills were not fraudulent or unlawful.

22. Based upon the jury's verdict that Sara C. Vizcay, M.D., failed to substantially comply with her statutory medical director duties to systematically review bills for Best Care Medical Center, Inc., Florida Rehabilitation Practice, Inc. f/k/a Dana Medical Center, Inc., and P.V.C. Medical Center, Inc., along with the evidence introduced at trial, the above questions in paragraph number 21

should be answered in the affirmative and the Court should grant the instant motion and enter a final declaratory judgment in favor of Allstate and against Best Care, Florida Rehabilitation/Dana, and P.V.C. as to Count VI.

23. Given the jury's findings that Sara C. Vizcay, M.D., did not wholly own the ownership clinics and that Sara C. Vizcay, M.D., failed to comply with her statutory medical director duties as to the medical director clinics, in accordance with the jury's answers to those questions, along with the evidence introduced at trial and the parties' pre-trial stipulation that Count V rises and falls on the answers to those questions, the Court should grant the instant motion and enter final declaratory judgment in favor of Allstate and against the Defendants, Best Care, Caleb, Florida Rehab/Dana, Global, P.V.C., and Regional, as to Count V.

24. Given the jury's findings that Sara C. Vizcay, M.D., did not wholly own the ownership clinics and that Sara C. Vizcay, M.D., failed to comply with her statutory medical director duties as to the medical director clinics, in accordance with the jury's answers to those questions, along with the evidence introduced at trial, the Court should grant the instant motion and enter final declaratory judgment in favor of Allstate and against the Defendants, Best Care, Caleb, Florida Rehab/Dana, Global, Personal Medical, P.V.C., and Regional, as to Count VII.

25. Prior to trial, the parties stipulated as to the amount of damages— both bills paid and bills outstanding per clinic. *See* Doc. 452 at 5-6.

26. Plaintiffs entered into evidence at trial a summary (by Clinic) of the bills paid and the bills outstanding. *See* Exhibit B attached (Plaintiffs' Exhibit 68).

WHEREFORE, Plaintiffs, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate Vehicle and Property Insurance Company (f/k/a Deerbrook Insurance Company, successor by merger to Northbrook Indemnity Company), hereby move this court for entry of an order granting Allstate's Motion for Declaratory Judgment and seek a declaration from the Court that Allstate is not legally obligated to pay the Defendants for the claims submitted by Defendants to Allstate as follows:

A. As to Count IV, enter declaratory judgment in favor of Allstate and against Defendants, Caleb Health Care, Inc., Global Diagnostic, Inc., Personal Medical Center, Inc., and Regional Enterprises for Health Corporation, and declare that Allstate is not legally obligated to pay any of the outstanding claims submitted by these Clinics to Allstate.

B. As to Count V, enter declaratory judgment in favor of Allstate and against Defendants, Best Care Medical Center, Inc., Caleb Health Care, Inc., Florida Rehabilitation, Inc. (f/k/a Dana Medical Center, Inc.), Global Diagnostic, Inc., P.V.C. Medical Center, Inc., and Regional Enterprises for Health Corporation, and declare that Allstate is not legally obligated to pay any of the outstanding claims submitted by these Clinics to Allstate.

C. As to Count VI, enter declaratory judgment in favor of Allstate and against Defendants, Best Care Medical Center, Inc., Florida Rehabilitation, Inc.

(f/k/a Dana Medical Center, Inc.), and P.V.C. Medical Center, Inc., and declare that Allstate is not legally obligated to pay any of the outstanding claims submitted by these Clinics to Allstate.

  D.  As to Count VII, enter declaratory judgment in favor of Allstate and against Defendants, Best Care Medical Center, Inc., Caleb Health Care, Inc., Florida Rehabilitation, Inc. (f/k/a Dana Medical Center, Inc.), Global Diagnostic, Inc., Personal Medical Center, Inc., P.V.C. Medical Center, Inc., and Regional Enterprises for Health Corporation, and declare that Allstate is not legally obligated to pay any of the outstanding claims submitted by these Clinics to Allstate.

  E.  Based upon the above judgments and declarations, the Court should further declare as follows:

  1)  As to Best Care Medical Center, Inc., the Court finds the bills submitted to Allstate by Best Care Medical Center, Inc. to be noncompensable and Allstate is not legally obligated to pay Best Care Medical Center, Inc. for the claims that remain outstanding in the amount of $317,685.98;

  2)  As to Caleb Health Care Inc., the Court finds the bills submitted to Allstate by Caleb Health Care Inc. to be noncompensable and Allstate is not legally obligated to pay Caleb Health Care, Inc., for the claims that remain outstanding in the amount of $385,783.57;

  3)  As to Florida Rehabilitation Practice, Inc. (f/k/a Dana Medical Center, Inc.), the Court finds the bills submitted to Allstate by Florida

Rehabilitation Practice, Inc. (f/k/a Dana Medical Center, Inc.) to be noncompensable and Allstate is not legally obligated to pay Florida Rehabilitation Practice, Inc. (f/k/a Dana Medical Center, Inc.), for the claims that remain outstanding in the amount of $491,155.46;

4) As to Global Diagnostic Center, Inc., the Court finds the bills submitted to Allstate by Global Diagnostic Center, Inc. to be noncompensable and Allstate is not legally obligated to pay Global Diagnostic Center, Inc. for the claims that remain outstanding in the amount of $198,951.54;

5) As to Personal Medical Center, Inc., the Court finds the bills submitted to Allstate by Personal Medical Center, Inc. to be noncompensable and Allstate is not legally obligated to pay Personal Medical Center, Inc. for the claims that remain outstanding in the amount of $470,934.79;

6) As to P.V.C. Medical Center, Inc., the Court finds the bills submitted to Allstate by P.V.C. Medical Center, Inc. to be noncompensable and Allstate is not legally obligated to pay P.V.C. Medical Center, Inc., for the claims that remain outstanding in the amount of $120,290.08;

7) As to Regional Enterprises for Health Corporation, the Court finds the bills submitted to Allstate by Regional Enterprises for Health Corporation to be noncompensable and Allstate is not legally obligated to pay Regional Enterprises for Health Corporation for the claims that remain outstanding in the amount of $161,076.88.

F. Lastly, Allstate requests the Court retain jurisdiction to enter a cost judgment upon Allstate's submission of a Bill of Costs.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to local rule 3.01(g), Counsel for Allstate conferred with counsel for Defendants in an effort to resolve this motion but Defendants oppose the relief requested.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 9, 2014, a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court by using the ECF system, which will send a notice of electronic filing to Tammy B. Denbo, Esquire, Masten, Peterson & Denbo, LLC, 6730 W. Linebaugh Ave., Suite 101, Tampa, Florida (Co-Counsel for Plaintiffs) and Kimberly P. Simoes, Esquire, The Simoes Law Group, P.A., 120 South Woodland Boulevard, Suite 213, Deland, Florida 32720; Eric Lee, Esquire, Lee & Amtzis, P.L., 5550 Glades Road, Suite 401, Boca Raton, Florida 33431; Crystal Eiffert, Esquire and Chad A. Barr, Esquire, Eiffert & Associates, P.A., 122 East Colonial Drive, Suite 210, Orlando, Florida 32801 (Attorneys for Defendants).

s/ Jill D. Emerson
**Daniel A. Martinez, ESQ. (Trial Counsel)**
Florida Bar No. 0009016
dan@callahanmartinez.com
**Inguna Varslavane-Callahan, Esq. (Trial Counsel)**
Florida Bar No. 0183873
inga@callahanmartinez.com
**Jill D. Emerson, Esq. (Trial Counsel)**
Florida Bar No. 948993
jill@callahanmartinez.com
Callahan & Martinez, LLC

2935 1st Avenue North, Floor 2
St. Petersburg, Florida 33713
(727) 894-3535/office, (727) 502-9621/fax
AND
**TAMMY B. DENBO, ESQ. (Trial Counsel)**
Florida Bar No. 0163597
tammy.denbo@mpdflalaw.com
Masten, Peterson & Denbo, LLC
6730 West Linebaugh Avenue, Suite 101
Tampa, Florida 33625
(813) 418-6400/office, (813) 217-9367/fax