UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INSURANCE COMPANY;
ALLSTATE INDEMNITY COMPANY;
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY; ALLSTATE FIRE
AND CASUALTY INSURANCE COMPANY;
and ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY (F/K/A DEERBROOK
INSURANCE COMPANY, SUCCESSOR BY
MERGER TO NORTHBROOK INDEMNITY
COMPANY),

    Plaintiffs,

v.                                         Case No. 8:11-CV-804-EAK-EAJ

SARA C. VIZCAY, M.D.; BEST CARE MEDICAL
CENTER, INC.; CALEB HEALTH CARE, INC.;
FLORIDA REHABILITATION PRACTICE, INC.
(F/K/A DANA MEDICAL CENTER, INC.);
GLOBAL DIAGNOSTIC CENTER, INC.;
PERSONAL MEDICAL CENTER, INC.; P.V.C.
MEDICAL CENTER, INC.; and REGIONAL
ENTERPRISES FOR HEALTH CORPORATION,

    Defendants.
_____/

## ORDER OF JUDGMENT

This cause comes before the Court for final judgment following a jury trial. Defendants orally moved for a Declaration of Mistrial and to Set Aside the Verdicts, and Plaintiffs orally opposed the motion, ("Motion for Declaration of Mistrial"). (Doc. # 508). Plaintiffs moved the Court for Declaratory Judgment as to Counts IV, V, VI, and VII, to which Defendants have not responded, ("Motion for Declaratory Judgment"). (Doc. # 532). For the reasons stated below, Defendants' Motion for Declaration of Mistrial is **DENIED**, Plaintiffs' Motion for Declaratory Judgment is **GRANTED** in part, and final judgment is **ORDERED**.

## BACKGROUND

Plaintiffs brought this action against Dr. Sara C. Vizcay ("Dr. Vizcay") and seven health care clinics to dispute and avoid the payment of No-Fault Personal Injury Protection ("PIP") claims. At trial, Plaintiffs argued the PIP payments were not properly payable to the defendant health care clinics due to fraudulent billing practices and failing to comply with the licensing requirements of the Florida Health Care Clinic Act ("HCCA"). Defendants opposed these theories at trial, based on a lack of proof and numerous affirmative defenses presented to the jury. On April 22, 2014, the jury returned verdicts in favor of Plaintiffs. (Docs. ## 510–517). The jury found each Defendant negligently misrepresented material facts, and awarded Plaintiffs $50,000.00 against each Defendant. Id. The jury also found Dr. Vizcay and each health care clinic Defendant committed fraud and were unjustly enriched. Id. With respect to Best Care Medical Center, Inc., ("Best Care"), the jury awarded Plaintiffs $317,685.98 for fraud, and $158,335.83 for unjust enrichment. (Doc. # 511). For Caleb Health Care, Inc., ("Caleb"), the jury awarded Plaintiffs $385,783.57 for fraud, and $62,733.72 for unjust enrichment. (Doc. # 512). For Florida Rehabilitation Practice, Inc., ("Florida Rehab") the jury awarded Plaintiffs $491,155.46 for fraud, and $375,051.18 for unjust enrichment. (Doc. # 513). For Global Diagnostic Center, Inc., ("Global"), the jury awarded Plaintiffs $198,951.54 for fraud, and $96,508.99 for unjust enrichment. (Doc. # 514). For Personal Medical Center, Inc., ("PMC"), the jury awarded Plaintiffs $470,934.79 for fraud, and $101,895.40 for unjust enrichment. (Doc. # 515). For P.V.C. Medical Center, Inc., ("PVC"), the jury awarded Plaintiffs $120,290.08 for fraud, and $129,855.98 for unjust enrichment. (Doc. # 516). Finally, for Regional Enterprises for Health Corporation, ("Regional"), the jury awarded Plaintiffs $161,076.88 for fraud, and $18,482.31 for unjust enrichment. (Doc. # 517).

After the Court published the jury's verdict, the Defendants collectively orally moved for a mistrial based on the awarded damages. Defendants argued the amounts were inconsistent and exceeded the money Plaintiffs paid Defendants. Plaintiffs conceded the jury awards for fraud were excessive, but offered remittitur as a remedy. Plaintiffs subsequently moved for declaratory judgment on Counts IV (violation of Florida Statutes §§ 400.990, et seq.), V (violation of Florida Statute § 460.4167), VI (violation of Florida Statutes §§ 400.9935 and 627.736), and VII (violation of Florida Statutes §§ 456.054, 458.331, 627.736, and 817.505). (Doc. # 532). As of the filing of this Order, Defendants have not responded to Plaintiffs Motion for Declaratory Judgment. The Court previously granted a directed verdict for Defendants on Count VII—Plaintiffs did not present sufficient evidence at trial to prove kickbacks and fee-split agreements. (Doc. # 526).

## ANALYSIS

### 1. Motion for Declaration of Mistrial

The jury awarded damages for Plaintiffs against Defendants in the following three separate causes of action: 1) Negligent misrepresentation; 2) Fraud; and 3) Unjust enrichment. Defendants contend the damages awarded in this case are inconsistent with the evidence because they exceed the actual amounts Plaintiffs paid, requiring the declaration of a mistrial and award of a new trial. Plaintiffs oppose this contention, and argue remittitur is the appropriate remedy.

Remittitur is appropriate in this case. When a Court is able to determine the maximum possible amount for damages, and there is a discernible basis for the award of those damages, remittitur is appropriate. See Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1283–1284 (11th Cir. 2000) (holding that remittitur is appropriate when the court can conclude a record supports a determination of maximum possible damages). At trial, the jury received summaries of the amount of payments made, and the amount of payments outstanding. See Plaintiffs' Exh's 440, 441.

Exhibit 440 provided a summary of all payments Plaintiffs made to Defendants. Plaintiffs paid a total of $158,335.83 to Best Care; $62,733.72 to Caleb; $375,051.18 to Florida Rehab; $96,508.99 to Global; $101,895.40 to PMC; $129,855.98 to PVC; and $18,482.31 to Regional. Id. For unjust enrichment, the jury returned verdicts for the Plaintiffs and damages mirroring these amounts paid, with the exception of the payments made to PVC, which was $129,885.98. (Docs. ## 510–517). The Court is satisfied with the record evidence supporting these amounts, and finds no basis to disturb, declare a mistrial, or apply remittitur to these awarded damages.

Next, Exhibit 441 provided a summary of all outstanding charges Plaintiffs contested. Plaintiffs contested a total of $317,685.98 from Best Care; $385,783.57 from Caleb; $491,155.46 to Florida Rehab; $198,951.54 to Global; $120,290.08 to PVC; $470,934.79 to PMC; and $161,076.88 to Regional. Plaintiff's Exh. 441. Similarly, for fraud, the jury returned verdicts for the Plaintiffs and damages identical to these summarized amounts contested. (Docs. ## 510–517). Unlike with the damages awarded for the unjust enrichment cause of action, the Court must employ remittitur to these awards, and reduce them to zero. It is clear from both the evidence and the jury's verdicts and awards that the jury considered and awarded Plaintiffs the payments made for unjust enrichment damages; however, it is equally clear and obvious from the record that the jury considered and awarded Plaintiffs the payments contested for common law fraud. As Plaintiffs never made those payments, contested the payments at trial, and moved the Court to declare these obligations legally null and void, to award these damages would be improper and contrary to the law. Therefore, the damages for fraud are reduced to zero.

### 2. Declaratory Judgment on Counts IV, V, VI, and VII

As previously noted, the Court granted Defendants' directed verdict on Count VII, and therefore the Court will not further address Count VII.

In Count IV of Plaintiffs' Amended Complaint, Plaintiffs contend there is uncertainty regarding whether the contested payments are properly payable to Caleb, Global, PMC, and Regional—or what Plaintiffs refer to as the "De Facto Clinics" in their Amended Complaint. (Doc. # 486). The contested payments are noncompensable and unenforceable. At trial, the jury unanimously found Plaintiffs proved, by a preponderance of the evidence, that Dr. Vizcay did not wholly own Caleb, Global, PMC, or Regional. (Docs. ## 512, 514, 515, and 517). Also, the jury unanimously found Plaintiffs proved, by a preponderance of the evidence, that Dr. Vizcay did not supervise the business activities at Caleb, Global, PMC, or Regional. Id. These clinics were operating under exemptions to Florida's HCCA, through Florida Statute § 400.9905(4)(g), which specifically required Dr. Vizcay to both wholly own and supervise the business activities of each exempted clinic. Because the jury determined Dr. Vizcay neither wholly owned nor supervised the business activities at these De Facto Clinics, the Defendants cannot avail themselves under the exemption in Florida Statute § 400.9905(4)(g), and, as a result, were operating unlawfully. Therefore, Plaintiffs have no legal obligation for the contested payments presented at trial with respect to Caleb, Global, PMC, and Regional. Florida Statute § 627.736(5)(a).

In Count V of Plaintiffs' Amended Complaint, Plaintiffs contend there is uncertainty regarding whether the contested payments are properly payable to Caleb, Global, Regional, Best Care, Florida Rehab, and PVC—or what Plaintiffs refer to as the "Chiropractic Clinics" in their Amended Complaint. (Doc. # 486). The contested payments are noncompensable and unenforceable. Plaintiffs and Defendants stipulated pretrial that the determination of this issue "rose and fell" with the factual determination of whether Dr. Vizcay wholly owned and supervised these clinics. (Doc. # 466). The Chiropractic Clinics were operating within the exemption contained in Florida Statute § 460.4167(4), which required Dr. Vizcay—or any other chiropractic

physician—to wholly own the clinic. As discussed, supra, the jury determined these factual issues in favor of the Plaintiffs, and, as a result, these Chiropractic Clinics were operating unlawfully. Therefore, Plaintiffs have no legal obligation for the contested payments presented at trial with respect to Caleb, Global, Regional, Best Care, Florida Rehab, and PVC. Florida Statute § 627.736(5)(a).

Finally, in Count VI of Plaintiffs' Amended Complaint, Plaintiffs contend there is uncertainty regarding whether the contested payments are properly payable to Best Care, Florida Rehab, and PVC—or what Plaintiffs refer to as the "Medical Director Clinics" in their Amended Complaint. (Doc. # 486). The contested payments are noncompensable and unenforceable. At trial, the jury unanimously found Plaintiffs proved, by a preponderance of the evidence, that Dr. Vizcay failed to substantially comply with her statutory medical director duties to systematically review bills for Best Care, Florida Rehab, and PVC, to ensure those bills were not fraudulent or unlawful. (Docs. ## 511, 513, and 516). These clinics were operating under Florida licensing statutes, which required Dr. Vizcay to serve as the medical director and systematically review the bills. Because the jury determined Dr. Vizcay failed to comply with her medical director duty to systematically review the bills at the Medical Director Clinics, the clinics were operating contrary to Florida law. Therefore, Plaintiffs have no legal obligation for the contested payments presented at trial with respect to Best Care, Florida Rehab, or PVC. Florida Statute § 627.736(5)(a). Accordingly, it is

**ORDERED** and **ADJUDGED** that Defendants' oral Motion for Declaration of Mistrial and to Set Aside the Verdicts is **DENIED**.

It is further **ORDERED** that Plaintiffs' Declaratory Judgment as to Counts IV, V, and VI is **GRANTED**, and Count VII is **DENIED**. Plaintiffs are not legally obligated to pay any outstanding bills presented at trial to any Defendant in this case.

It is further **ORDERED** that Plaintiffs recover the following amounts for their unjust enrichment cause of action:

1. $158,335.83 from Best Care Medical Center, Inc., and Dr. Sara C. Vizcay;

2. $62,733.72 from Caleb Health Care, Inc., and Dr. Sara C. Vizcay;

3. $375,051.18 from Florida Rehabilitation Practice, Inc., and Dr. Sara C. Vizcay;

4. $96,508.99 from Global Diagnostic Center, Inc., and Dr. Sara C. Vizcay;

5. $101,895.40 from Personal Medical Center, Inc., and Dr. Sara C. Vizcay;

6. $129,855.98 from P.V.C. Medical Center, Inc., and Dr. Sara C. Vizcay; and

7. $18,482.31 from Regional Enterprises for Health Corporation and Dr. Sara C. Vizcay;

It is further **ORDERED** that damages for fraud are reduced to zero for all Defendants.

The Clerk of Court is directed to close this case and to terminate any other pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this _1st_ day of August, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record