**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ALLSTATE INSURANCE COMPANY, et al.,**

   **Plaintiffs,**

**v.**                                                 **Case No: 8:11-CV-804-T-17EAJ**

**SARA C. VIZCAY, et al.,**

   **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the Court are Defendants Best Care Medical Center Inc., Florida Rehabilitation Practice, Inc., and P.V.C. Medical Center, Inc.'s ("Medical Director Defendants'") **Motion for Stay of Order Entering Final Judgment and Post-Judgment Discovery Pursuant to Fed. R. App. P. Rule 8(a)** (Dkt. 576) and Plaintiffs Allstate Insurance Company et al.'s ("Plaintiffs'") **Response to the Medical Director Defendants' Motion for Stay of Order Entering Final Judgment and Post-Judgment Discovery** (Dkt. 577).[1] For the reasons that follow, the Court recommends denying Medical Director Defendants' Motion for Stay of Order Entering Final Judgment and Post-Judgment Discovery Pursuant to Fed. R. App. P. Rule 8(a). (Dkt. 576)

**Background**

After a jury trial, judgment was entered in favor of Plaintiffs and against Defendants.[2] (Dkts.

---

[1] This matter has been referred to the undersigned for consideration and issuance of a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

[2] In addition to Medical Director Defendants, defendants in this action include Sara C. Vizcay, M.D., Caleb Healthcare, Inc., Global Diagnostic Center, Inc., Personal Medical Center, Inc., and Regional Enterprises for Health Corporation. However, this motion is brought only by Medical Director Defendants.

538, 539)  As relates to Medical Director Defendants, judgment in the following amounts was entered: $158,335.83 against Best Care Medical Center and Dr. Sara Vizcay; $375,051.18 against Florida Rehabilitation Practice, Inc. and Dr. Sara Vizcay; and $129,855.98 against P.V.C. Medical Center, Inc. and Dr. Sara Vizcay. (Dkt. 538 at 7)  On August 29, 2014, Medical Director Defendants filed their notice of appeal of various court orders and the final judgment.[3] (Dkt. 541)  On October 2, 2014, Plaintiffs served on each Defendant the following post-judgment discovery documents: Fact Information Sheet, Request for Production, and Interrogatories. (Dkt. 574 Exs. 1-24)  After all defendants failed to respond to Plaintiffs' discovery requests, Plaintiffs filed a Motion to Compel Defendants' Post-Judgment Discovery Responses and Incorporated Memorandum of Law. (Dkt. 574)  All defendants failed to respond to Plaintiffs' motion to compel, and the motion was granted on January 20, 2015. (Dkt. 575)

Medical Director Defendants now move, under Rule 8, Federal Rules of Appellate Procedure, and Rule 62, Federal Rules of Civil Procedure, for a stay of the orders entering of final judgment and post-judgment discovery. (Dkt. 576)

**Discussion**

As an initial matter, Medical Director Defendants' motion seeks relief pursuant to Rule 8, Fed. R. App. P., which provides that a party must move first in the district court for a stay of a judgment or order pending appeal, for approval of a supersedeas bond, or an injunctive order. Fed. R. App. P. 8(a)(1).  However, "[d]ifferent Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal." Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Therefore, the authority of the district court is governed by the Federal Rules of Civil Procedure,

---

[3] The other defendants notice of appeal was filed on September 3, 2014. (Dkt. 543)

and, specifically, Rule 62 is applicable here as it governs the stay of proceedings to enforce a judgment.

The stay of a money judgment is governed by Rule 62(d), Fed. R. Civ. P., which provides that an appellant may obtain a stay by supersedeas bond, which takes effect when the court approves a bond. See United States v. Fleming, No. 3:09-cv-153-J-34PBD, 2014 WL 4788059, at *2 (M.D. Fla. Sept. 24, 2014). "The purpose of the supersedeas bond is to preserve the status quo while protecting the nonappealing party's rights pending appeal." Prudential Ins. Co. of Am. v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986). However, the Court, in its discretion, may waive the supersedeas bond requirement where the appellant meets its burden by objectively demonstrating departure from the usual requirement of posting a supersedeas bond in the full amount of the judgment. Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).[4] Courts consider the following factors when determining whether to waive the supersedeas bond requirement:

> "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . ; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money . . ; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position."

United States v. O'Callaghan, 805 F. Supp. 2d 1321, 1326 (M.D. Fla. 2011) (quoting Dillon v. City of Chi., 866 F.2d 902, 904-05 (7th Cir. 1988)) (alteration in original).

Here, Medical Director Defendants have not addressed these factors in their motion, but state

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

only that Plaintiffs' post-judgment discovery requests are "voluminous, intrusive, and burdensome," they do not elaborate on these contentions. (Dkt. 576 ¶ 10)  As Medical Director Defendants have failed to meet their burden demonstrating that the normal requirement of posting a supersedeas bond be waived, their request should be denied.

Additionally, the following four factors are relevant when considering whether to stay an order pending appeal:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 581 U.S. 770, 776 (1987)).

"The likelihood of success is typically the most important factor." O'Callaghan, 805 F. Supp. 2d at 1327 (citing Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986)).  Where the consideration of the other three factors "is not heavily tilted in the movant's favor, the movant must than make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal. Ruiz v. Estelle, 650 F.2d 555, 565-66 (5th Cir. 1981) (per curiam).

Here, Medical Director Defendants claim that they

> have filed an extensive and comprehensive Initial Brief outlining the basis for seeking reversal of this Court's Final Order.  Upon receipt of Appellee's Response, the Medical Director Defendants anticipate filing a Reply Brief in anticipation of oral argument.  Defendants are of the opinion that the merits of the appeal are sufficiently strong, and have confidence in prevailing on these merits.  In any event, there is no question that a substantial case on the merits has been, and will continue to be made.

(Dkt. 576 ¶ 9)

Medical Director Defendants cursorily address the other three factors, and the Court concludes that the other factors do not heavily tilt in their favor.  Medical Director Defendants have

failed to demonstrate that they will be irreparably injured in the event a stay is not granted. Although Medical Director Defendants state that Plaintiffs will not be harmed because they will be entitled to conduct post-judgment discovery in the event they prevail, Plaintiffs respond that the information sought in their post-judgment discovery is needed to determine what assets are in Medical Director Defendants' possession or control at this time, and, in the event such assets are not available later, they will need to seek redress. Finally, Medical Director Defendants do not address whether a stay would affect the public interest.

Because the other three factors do not weigh in their favor, Medical Director Defendants are required to show a more substantial likelihood of success. They have not done so. Other than conclusory statements that they are confident in prevailing on the merits, Medical Director Defendants point to no evidence or legal arguments that they are substantially likely to prevail. Additionally, Plaintiffs state that the issues that Medical Director Defendants are appealing were briefed and argues several times, and the jury found in favor of Plaintiffs on all 145 questions asked on the interrogatory verdict form. (Dkt. 577 ¶ 26) See Madura v. BAC Homes Loans Servicing, L.P., No. 8:11-cv-2511-T-33TBM, 2013 WL 5566076 (M.D. Fla. Oct. 8, 2013) (finding that movants had failed to set forth any convincing arguments concerning their likelihood of success on appeal where there motion was "voluminous and catalogues a number of reasons why . . . the Court's final judgment should be reversed" but many of the arguments had been adjudicated repeatedly). Accordingly, Medical Director Defendants have failed to carry their heavy burden in demonstrating that a stay pending appeal should be granted.

Accordingly and upon consideration, it is **RECOMMENDED** that:

    (1)    Medical Director Defendants' Motion for Stay of Order Entering Final

Judgment and Post-Judgment Discovery Pursuant to Fed. R. App. P. Rule 8(a) (Dkt. 576) be **DENIED**.

**DATE: March 6, 2015**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge